KALBAKKEN, Appellant, vs. KALBAKKEN, Respondent.

*September 11—October 8, 1929.*

For the appellant the cause was submitted on the brief of *Abel & Goodman* of Sparta.

*Z. S. Rice* of Sparta, for the respondent.

FOWLER, J. It is quite apparent that the county judge gave to the case careful consideration and that his findings of fact are sustained by the evidence. It also appears that his division of the husband's estate is well within the general rule as stated in *Varney·v. Varney,* 58 Wis. 19, 16 N. W. 36; *Edleman v. Edleman,* 125 Wis. 270, 104 N. W. 56; *Hiecke v. Hiecke,* 163 Wis. 171, 157 N. W. 747; and *Bruhn v. Bruhn,* 197 Wis. 358, 222 N. W. 242, unless, as matter of law, interest on the amount of the wife's loan as well as the principal should have been deducted from the gross estate of the husband to determine the amount of his estate to be divided between the parties.

It is of course the estate of the husband and so much of the wife's estate as has been derived from the husband that is to be divided. But in making the award "the special estate of the wife" is to be considered. Sec. 247.26, Stats. It follows, generally speaking, that the larger the separate estate of the wife is, the less will be her share of the husband's estate on division, and the less her estate is the larger her portion of his estate will be. Adding interest to the wife's loan would increase her separate estate and decrease the estate of her husband. So it perhaps makes little, if any, difference whether interest be allowed as such. In the only decision of this court in which interest on loans to husband from wife is mentioned in connection with division of property on granting a divorce, *Pauly v. Pauly,* 69 Wis. 419, 34 N. W. 512, interest was allowed; but there is no rule requiring it.

*By the Court.*—The judgment appealed from is affirmed.