BARROCK, Appellant, vs. BARROCK, Respondent.

*October 3—November 8, 1950.*

566

For the appellant there were briefs by *Rubin & Ruppa,* attorneys, and *Nathan Ruppa* and *Norman W. Wegner* of counsel, all of Milwaukee, and oral argument by *Nathan Ruppa.*

*John J. Burke* and *Giles F. Clark,* both of Milwaukee, for the respondent.

HUGHES, J. Plaintiff appeals on the ground that the memorandum decision of September 12th had the effect of a judgment and that upon the expiration of sixty days the trial court lost jurisdiction to amend it.

Sec. 252.10 (1), Stats., provides:

"All judgments and court orders may be reviewed by the court at any time within sixty days from service of notice of entry thereof, but not later than sixty days after the end of the term of entry thereof."

As has been held when the court pronounces judgment from the bench, the judicial act is complete. In such circumstances the parties have a right to rely upon the judgment delivered in open court. There is some doubt that a memorandum decision, which is written by the court for the information of counsel and which contemplates the filing of more formal findings, should be accorded the dignity of a court order or judgment. But assuming for the purposes of this case that it has such effect, the rule in *Towns v. Towns* (1920), 171 Wis. 32, 176 N. W. 216, does not control.

The reason for the rule is apparent. The interests of all litigants require that lawsuits be handled with as much dispatch as thoroughness will permit and that the decisions when

rendered be final and not subject to change or amendment at the whim or upon belated reflection of the court. We are of the opinion, however, that that rule has no application to a situation such as existed here.

While plaintiff contends that his motion was not one to have the decision of September 12th modified but only clarified to disclose what was meant by "personal effects," the record does not bear out this contention.

The decision of September 12th clearly gave the household furnishings to defendant. The plaintiff by his motion sought to obtain numerous items of household furniture. In so doing he incidentally, and probably inadvertently, admitted that values given by him in the course of the trial were far below the true worth of the properties involved.

It was plaintiff's duty to establish the true value of his property at the trial, and to give minimized figures would constitute a fraud upon the court. Upon this basis alone it would have been within the power of the court to open the case at any time within a year of the discovery.

However, the decision need not rest upon this element. In the instant case the plaintiff, within sixty days, moved the court to modify the judgment, and pursuant thereto the court held hearings within the sixty-day period, at which time defendant also made oral motion for review. No one objected to the jurisdiction of the court. By seeking modification of the judgment plaintiff invoked the continuing jurisdiction of the court. The court, having jurisdiction to amend the decision, had the power to correct it to the disadvantage of the plaintiff as well as to his advantage.

Counsel also urges that the record discloses the defendant is an unfit person to have custody of the children.

At the time defendant was discovered in the company of the other man both were taken to the district attorney's office where plaintiff accused defendant of adultery. Defendant frankly admitted the indiscretions found by the court, but

stoutly denied anything beyond. When asked to take a lie detector test she readily agreed. Plaintiff waived such requirement.

The trial court negated adultery and we agree that the defendant should not be dealt with as though convicted. As the court pointed out, she was but twenty-two when the misconduct occurred. It was wrong and silly, and certainly expensive. The trial court, in the final analysis, gave her about one fifth of her husband's estate in lieu of any right to share in his income by way of alimony. It was within the trial court's discretion to so limit her recovery because of her misbehavior. She should not, however, be pilloried.

In the judgment the court increased the support for the two daughters from $100 to $150 a month. About this there is no complaint because, concededly, the trial court continues to have jurisdiction over the custody and support of the children.

Plaintiff also appeals from that portion of the order of April 19, 1950, quoted above. Whether such an order should be made or not lies within the discretion of the trial court. Supreme Court Rule 43a, sec. 251.431, Stats. We do not consider that the trial court abused its discretion and therefore the order is affirmed.

*By the Court.*—Judgment and order affirmed.