GUPTILL and another, Plaintiffs and Appellants, vs. ROEMER and another, Defendants and Respondents: IOWA NATIONAL MUTUAL INSURANCE COMPANY, Impleaded Defendant and Appellant.*

*January 12—February 8, 1955.*

* Motion for rehearing denied, without costs, on April 5, 1955.

For the appellants there was a brief by *Benton, Bosser, Fulton, Menn & Nehs* of Appleton, and oral argument by *David L. Fulton.*

For the impleaded appellant there was a brief by *Everson, Ryan, Whitney & O'Melia* of Green Bay, and oral argument by *John C. Whitney.*

For the respondents there was a brief by *O'Leary, Joyce & Remley* of Neenah, for the Travelers Indemnity Company, and by *Ray J. Fink* of Menasha, for Lawrence Roemer, and oral argument by *Mr. John W. O'Leary* and *Mr. Fink.*

CURRIE, J. There are two issues presented on this appeal, viz.:

(1) Was the order for a new trial timely made within the provisions of sec. 270.49 (1), Stats., and,

(2) Was there an abuse of discretion on the part of the trial court ordering a new trial in the interest of justice?

The verdict was returned on March 19, 1954, and on May 10, 1954, the learned trial judge filed in the office of the clerk of court his written decision on motions after verdict stating his conclusion that a new trial should be granted on all issues in the interest of justice. The decision also stated that counsel for the defendants might submit an order to the court in accordance with the decision. While such decision was made and filed well within the period of sixty days after the return of the verdict, the order itself, directing a new trial, was not signed until June 7, 1954, and was not filed with the clerk until June 14, 1954.

Sec. 270.49 (1), Stats., provides:

"The trial judge may entertain a motion to be made on his minutes, to set aside a verdict and grant a new trial because of errors in the trial or because the verdict is contrary to law or to the evidence, or for excessive or inadequate damages or in the interest of justice; but such motion *must be made and heard within sixty days after the verdict is ren-*

*dered,* unless the court by order made before its expiration extends such time for cause. When an appeal is taken from the order on such motion a bill of exceptions must be settled. *Such motion, if not decided within the time allowed therefor, shall be deemed overruled. . . ."* (Italics supplied.)

We have presented on this appeal a clear-cut issue of whether an order for a new trial is timely made where a written decision or opinion of the trial court, determining that the motion for a new trial should be granted, is filed with the clerk within sixty days after the return of the verdict, but the formal order itself, directing the new trial, is not entered until after the expiration of such sixty-day period. Apparently this is a question of first impression, inasmuch as the briefs submitted by able counsel cite no decisions of this court directly in point.

It will be noted that the statute only requires that the motion for a new trial be *"decided"* within the sixty-day period after the rendering of the verdict, and there is no express requirement that the order for the new trial must be entered within such period. Here there was a literal compliance with such requirement because the memorandum opinion or decision of the trial court did *"decide"* the motions after verdict.

A resort to the legislative history of the enactment provides us with no clue as to legislative intention underlying the employment of the word *"decided"* in such statute.

The italicized portions of sec. 270.49 (1), Stats., appearing in the foregoing quotation from such statute are the result of the amendment to the statute enacted by ch. 477, Laws of 1917. In the form originally introduced into the state senate by Bill No. 626, S., the amendment provided that a motion for new trial "must be made and heard within sixty days after the verdict is rendered," and, if "not decided during such term, it shall be taken as overruled." Printed on the bill was a notation which stated, "The above amendment fixes the same limit of time for the hearing of motions

for new trials that section 113.10 [now sec. 269.46 (3)] fixes for all other motions respecting judgments and orders, whether the sixty days are all within one term or partly within two." After passing the senate in the form in which introduced, such Bill No. 626, S., was amended as the result of an amendment recommended by the assembly judiciary committee so as to permit the court to extend the sixty-day period for cause and so as to require that the motion be decided within the sixty-day period or within the period of any extension thereof fixed by the court. The assembly then passed the bill as so amended and the senate concurred therein.

The wording of sec. 269.46 (3), Stats.,[1] referred to in the footnote printed on said Bill No. 626, S., introduced in the 1917 legislation affords us no assistance in seeking to ascertain the legislative intent with respect to use of the word *"decided"* in such bill. This is because sec. 269.46 (3) does not employ the word *"decided."* In *Barrock v. Barrock* (1950), 257 Wis. 565, 44 N. W. (2d) 527, this court interpreted sec. 269.46 (3), which then was sec. 252.10 (1), Stats. 1949, as giving the trial court the authority and jurisdiction to modify a judgment, where the motion to modify was made within sixty days after the pronouncement of the judgment, but the order making the modification was not entered until after the expiration of such sixty-day period. In other words, the sixty-day clause of present sec. 269.46 (3) does not require that the trial court take any action within the sixty-day period specified therein upon a motion for review or modification timely made within such period. On the other hand, sec. 270.49 (1) does plainly require action of some kind by the trial court, with respect to a pending motion for new trial, within sixty days after return of the verdict

---

[1] Sec. 269.46 (3), Stats. All judgments and court orders may be reviewed by the court at any time within sixty days from service of notice of entry thereof, but not later than sixty days after the end of the term of entry thereof.

unless such period has been extended for cause, in order to grant such motion.

It seems fairly obvious that the objective the legislature must have had in mind, in enacting the 1917 amendment to sec. 270.49 (1), Stats., was to prevent the delay in the administration of justice which had previously resulted by reason of some trial courts having heard arguments on motions after verdict for a new trial and then having deferred the rendering of their decisions thereon for long periods of time. Counsel for appellants argue that the legislative purpose was to afford the party aggrieved by an order for a new trial an early opportunity of appeal, which would be defeated by an interpretation of the statute that it only required the filing of a memorandum decision within the sixty-day period with no limit placed upon the time for entering the order thereon. With this contention we cannot agree because counsel for the aggrieved party always has it within his power to draft and submit to the trial court the formal order for a new trial after the rendering of the memorandum opinion, in the event opposing counsel is dilatory with respect thereto. It is, therefore, our considered conclusion that the filing of the trial judge's memorandum decision in the instant case is in full compliance with the sixty-day provision of sec. 270.49 (1), and we so hold.

We now turn to the second question raised, *i. e.,* that there was an abuse of discretion on the part of the trial court in ordering a new trial in the interest of justice. In his memorandum decision, the learned trial judge reviewed the evidence at length and stated the reasons that compelled him to hold that a new trial was required in the interest of justice. The two respects in which he particularly criticized the verdict returned by the jury were the answer to the comparative-negligence question, and the fixing of damages for Roemer for his personal injuries at the meager sum of $50.

The memorandum decision pointed out that the jury attributed only 10 per cent of the aggregate negligence to

Guptill, who was the driver who made the left turn in the path of the oncoming Roemer car at a time when he could not safely do so without danger of collision; and attributed 90 per cent of the negligence to Roemer, who at all times was traveling in his own proper lane of traffic. The trial judge stated:

"Such apportionment of percentages of causal negligence, in view of the situation and circumstances surrounding this collision, frankly, shocks the conscience of the court and cannot be permitted to stand."

We might observe that the case at bar is one of three appeals decided by us on this assignment involving motor-vehicle-accident cases in which a driver attempted, as did plaintiff Guptill, to make a left turn in the path of an oncoming vehicle under circumstances where a collision was certain to ensue if the latter vehicle continued in its same lane of travel and at its same speed. It is difficult for us to understand how a conscientious jury under such circumstances could attribute the smaller percentage of negligence to the driver making the left turn whose act precipitated the situation resulting in the collision. A trial court has the right in the exercise of its discretion to order a new trial in the interest of justice when a jury's comparison of negligence is against the great weight of the evidence even though it cannot be held as a matter of law that one of the tort-feasors was guilty of at least 50 per cent of the aggregate negligence. *Johnson v. Viebrock* (1953), 263 Wis. 284, 289, 57 N. W. (2d) 337. In his opinion in such case Mr. Chief Justice FRITZ stated:

"If the trial court had been of the opinion that the finding of only 10 per cent of the total causal negligence was attributable to Johnson, was against the greater weight of the evidence, the trial court could have granted a new trial in the interests of justice on such ground. However, the trial court

failed to exercise such discretionary right, and the granting of a new trial on such ground is peculiarly within the discretion of the trial court."

The jury's award of $50 damages to Roemer for his personal injuries is grossly inadequate in view of the undisputed testimony of his physician. As a result of the accident he had a bruise and blood clot six inches by four inches in size over the first and second sacral vertebrae, both knees were wrenched, his left hip, chest, and shoulder were bruised, and he had a wrenched neck. His left hip and groin were painful and stiff. His physician saw him professionally 10 times during the eighteen days following the accident, the first few times being house calls. This physician stated that Roemer appeared to be in pain during the first two weeks and that he "was quite miserable." After the first ten days the physician continued to have Roemer call at his office on several occasions over the ensuing two months for examination. Roemer was wholly disabled from working during a period of two and one-half weeks following the accident.

The trial court was, therefore, amply warranted in concluding that the findings of the jury were against the great weight of the evidence and in ordering a new trial in the interest of justice by reason thereof. In so doing the court was exercising the discretionary power with which it is clothed by sub. (2) of sec. 270.49, Stats.[2]

The formal order granting a new trial from which the appeal herein was taken stated that the grounds for so ordering were "that the verdict is against the great weight and

---

[2] Sec. 270.49 (2), Stats. Every order granting a new trial shall specify the grounds therefor. In the absence of such specification, the order shall be deemed granted for error on the trial. No order granting a new trial in the interest of justice shall be valid or effective, unless the reasons that prompted the court to make such order are set forth in detail therein. . . .

preponderance of the evidence, and in the interests of justice."
It would have been preferable if the order had stated that the
new trial was being ordered in the interest of justice because
the verdict was against the great weight of the evidence, for
standing alone, the fact that a verdict is against the great
weight of the evidence is not a ground for a new trial. How-
ever, the memorandum decision of the trial court makes it
clear that the new trial was being ordered *in the interest of
justice* because the verdict in the respects mentioned herein
was against the overwhelming weight of the evidence, and
we so construe the order itself.

*By the Court.*—Order affirmed.

The following opinion was filed April 5, 1955:

PER CURIAM (*on motion for rehearing*). On the motion
for rehearing the question has been raised that the order
for new trial appealed from did not set forth "the reasons
that prompted the court to make such order . . . in detail"
as required by sec. 270.49 (2), Stats., when such order for
new trial is granted in the interest of justice.

In cases like the instant one, when such reasons have been
set forth in detail in a separate memorandum decision, we
are of the opinion that there would have been sufficient
compliance with the statute if the order had stated, for ex-
ample, that the new trial was being granted "in the interest
of justice for the reasons stated in the court's memorandum
decision filed on the motions after verdict." In other words,
an incorporation by reference into the order of the reasons
stated in the memorandum opinion which prompted the court
to grant the new trial in the interest of justice would be suf-
ficient, provided such reasons were stated in detail in the
decision. *Alexander v. Meyers* (1952), 261 Wis. 384, 386,
52 N. W. (2d) 881. However, the order in the instant case
did not do this and we must hold that the mere statement in

the order "that the verdict is against the great weight and clear preponderance of the evidence" standing alone does not state in sufficient detail the reasons which prompted the granting of the new trial to constitute a compliance with the statute.

This holding that the order does not meet the requirements of the statute would require a reversal unless this court should deem this to be a proper case in which to exercise the discretionary power of this court to order a new trial when we are convinced that the same is necessary to prevent a gross miscarriage of justice. It is apparent from that which we stated in our original opinion herein that we feel rather strongly that such a miscarriage of justice would occur if judgment were to be entered upon the verdict in favor of the appellants. While this court exercises such discretionary power but sparingly, we deem this is a proper case in which so to do. We, therefore, conclude that the order for a new trial must be affirmed for the reason last stated.

The motion for rehearing is denied without costs.