YASULIS, Appellant, v. YASULIS, Respondent.

*January 6—February 3, 1959.*

250

For the appellant there was a brief by *Lepp & Lepp* of Kenosha, and oral argument by *Burton Lepp*.

For the respondent there was a brief by *David L. Phillips,* attorney, and *Charles J. Richards* of counsel, both of Kenosha, and oral argument by *Mr. Richards*.

MARTIN, C. J.   It is well established that:

"The division of property, in a case of this sort, is peculiarly a matter resting in the discretion of the trial court, subject to such rules as have been established by this court for guidance in respect to the matter.  Therefore, the trial determination must prevail unless clearly characterized by mistake or some manifest error respecting the detail facts upon which it rests, or disregard of established guides, amounting to a pretty clear want of judicial discretion or judgment." *Gauger v. Gauger* (1914), 157 Wis. 630, 632, 147 N. W. 1075.

Appellant maintains that the division made by the court is prejudicial to her and constitutes a want of judicial discretion.  It is conceded that the circumstances to be considered in determining the propriety of a property division in a divorce action are the ability to earn and the earnings of the

parties; the special estate of the wife; the nature of the property and the manner of its acquisition; and the behavior of the parties. Sec. 247.26, Stats.; *Hull v. Hull* (1956), 274 Wis. 140, 79 N. W. (2d) 653; *Barrock v. Barrock* (1950), 257 Wis. 565, 44 N. W. (2d) 527.

Appellant's monthly income includes $48.70 social security, gross rents of $100, probably reduced to $50 by use of one flat for her own living quarters, and $40 from her work. In addition, she has savings, investments, and the $3,500 cash awarded in the property division, all of which should yield about $40 per month, bringing her total monthly income to about $180. Respondent receives pensions of $137.99 and $60 rent (assuming he will live in one flat of the homestead property), a total of $198. This represents no great disparity in the monthly incomes of the parties.

The record shows that the wife's estate, after the property division decreed by the court, will amount to over $18,500, whereas respondent will have an estate of approximately $9,200.

Appellant's main contention seems to be that the court should have awarded the homestead to her. For the ten years of their marriage it was home to the respondent as well as the appellant. It was purchased by respondent prior to the marriage with his own money and money borrowed from appellant on a promissory note bearing four per cent interest. Both parties worked on improvements to the property. While both desire to live in the home, the fact is that this is the only home which the respondent owns, while appellant owns another two-family dwelling in which she could make her home. If appellant were given the homestead, respondent would be faced with the alternative of living in a rooming house or spending all his estate in the purchase of another home.

As to the behavior of the parties, it is true that the divorce was given to appellant upon evidence, not disputed in the record, of cruel and inhuman treatment of her by respondent.

While his behavior cannot be condoned, the evidence regarding his conduct is not such as would justify a division of property in his disfavor. Behavior of the parties is one of the elements for the trial court to consider in making a division of property, but the court's authority in such a matter should not be exercised as a means of punishment to the "guilty party." See *Barrock v. Barrock, supra.*

Since the trial court's award of $3,500 to the wife includes repayment of the $1,400 note plus interest, appellant argues that the award is largely restitution of her separate property; that the amount of the note and interest thereon should be deducted from the property subject to division, which results in the share of the appellant amounting to but 24 per cent of the property. A situation somewhat similar to this was presented in *Kalbakken v. Kalbakken* (1929), 199 Wis. 501, 502, 227 N. W. 11, where this court said:

"It is of course the estate of the husband and so much of the wife's estate as has been derived from the husband that is to be divided. But in making the award 'the special estate of the wife' is to be considered. Sec. 247.26, Stats. It follows, generally speaking, that the larger the separate estate of the wife is, the less will be her share of the husband's estate on division, and the less her estate is the larger her portion of his estate will be. Adding interest to the wife's loan would increase her separate estate and decrease the estate of her husband. So it perhaps makes little, if any, difference whether interest be allowed as such."

One important factor which the trial court had to deal with here is the age of the parties. At the time of trial appellant was sixty-nine years old and respondent seventy-four. Obviously, neither will be able to substantially enhance his or her economic state in the future, and it would be improper for the trial court to so divide the property as to impoverish either one. Another factor in the case is the sizable separate estate of the wife, particularly as compared with that of the respondent.

Considering the particular circumstances involved, it is our opinion that the trial court exercised a sound discretion in making the property division and that the interests of both parties are adequately served thereby.

Appellant also contends that the trial court abused its discretion in ordering her to vacate the homestead within four days. It is our understanding that appellant did not vacate, but has occupied the premises during the pendency of this appeal, and we are not therefore concerned with that question. However, if appellant is still in possession she should be ordered to vacate upon return of this record to the trial court.

*By the Court.*—Judgment affirmed.