FLIPPIN and others, Respondents, v. TURLOCK and another, Appellants.

*April 3—April 28, 1964.*

For the appellants there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Edmund W. Powell* and *Donald R. Peterson* of counsel, all of Milwaukee, and oral argument by *Mr. Peterson.*

For the respondents there was a brief by *Eisenberg & Kletzke,* attorneys, and *Edwin A. Star* of counsel, all of Milwaukee, and oral argument by *Mr. Star.*

WILKIE, J. The first issue that must be resolved on this appeal is whether the order for a new trial in the interests of justice entered on August 26, 1963, met the requirements of sec. 270.49 (1) and (2), Stats.,[1] both as to timeliness and content.

The motion for a new trial was filed, argued, and orally decided by the trial court within sixty days of the verdict. The court's determination to grant a new trial was as it stated, "consistent with the principles of justice." Yet the court's formal order for the new trial was not entered until August 26, 1963, and it did not set forth in itself the detailed grounds for granting the new trial although it stated that

---

[1] "270.49 MOTION FOR NEW TRIAL ON MINUTES. (1) The trial judge may entertain a motion to be made on his minutes, to set aside a verdict and grant a new trial because of errors in the trial or because the verdict is contrary to law or to the evidence, or for excessive or inadequate damages or in the interest of justice; but such motion must be made and heard within sixty days after the verdict is rendered, unless the court by order made before its expiration extends such time for cause. When an appeal is taken from the order on such motion a bill of exceptions must be settled. Such motion, if not decided within the time allowed therefor, shall be deemed overruled. In case judgment be entered without deciding a pending motion for a new trial, the supreme court may direct the trial court to determine such motion within sixty days after notice of filing the remittitur.

"(2) Every order granting a new trial shall specify the grounds therefor. In the absence of such specification, the order shall be deemed granted for error on the trial. No order granting a new trial in the interest of justice shall be valid or effective, unless the reasons that prompted the court to make such order are set forth in detail therein or the memorandum decision setting forth such reasons is incorporated by reference in such order. The court may grant or deny costs to either party."

the court "having rendered an oral decision" entered its new trial order "on all the proceedings heretofore had herein."

The purpose of sec. 270.49 (1), Stats., was succinctly stated in *Guptill v. Roemer,*[2] where our court stated, at page 18:

"It seems fairly obvious that the objective the legislature must have had in mind, in enacting the 1917 amendment to sec. 270.49 (1), Stats., was to prevent the delay in the administration of justice which had previously resulted by reason of some trial courts having heard arguments on motions after verdict for a new trial and then having deferred the rendering of their decisions thereon for long periods of time."

In *Guptill* the court held that where a memorandum decision had been filed with the court within sixty days of the verdict, but the court's formal order for a new trial was not filed until later, that there had been full compliance with the sixty-day provision of sec. 270.49 (1), Stats. In the instant case, the memorandum decision was not reduced to writing and filed until August 5, 1963, eight months and two weeks after the verdict was returned. Yet the motion for a new trial had been presented, argued and actually decided by the court within the sixty-day period. We hold that this was a substantial compliance of the sixty-day provision of sec. 270.49 (1).

We also are of the opinion that the order for a new trial of August 26, 1963, incorporating the oral decision of November 12, 1962, which decision had been transcribed and filed on August 5, 1963, met the provisions of sec. 270.49 (2), Stats., requiring that the grounds be set forth in detail where a new trial has been ordered in the interest of justice.[3]

[2] (1955), 269 Wis. 12, 68 N. W. (2d) 579, 69 N. W. (2d) 571.
[3] The order of August 26, 1963, is clearly different from the order found insufficient in *Cary v. Klabunde* (1961), 12 Wis. (2d)

The phrase, "now, in accordance with said oral decision [which decision was then transcribed and filed] and on all the proceedings heretofore had herein," is logically equivalent to the expression, "for the reasons set forth in the memorandum decision." [4]

The basic purpose of notifying the aggrieved party (Turlock) of the reasons for granting the new trial is fully satisfied by referring to the court's full discussion of his reasons in the oral decision of November 12, 1962, as transcribed and on file prior to the formal court order of August 26, 1963. [5]

The recent case of *Campbell v. Wilson* [6] is distinguishable because in *Campbell* the oral decision had not been transcribed or filed prior to the court order directing a new trial. The formal order for new trial in *Campbell* attempted to incorporate by reference a document (the memorandum decision) not then in existence.

The second issue presented on this appeal is whether the trial court abused its discretion in ordering a new trial in the interest of justice.

It is well established that the supreme court will affirm a trial court's order for a new trial in the interest of justice unless there is a clear showing of abuse of discretion. [7] A trial court has wide discretion to order a new trial in the interest of justice if the verdict is against the great weight and clear preponderance of the evidence, although the evidence is not

267, 269, 107 N. W. (2d) 142, where the order merely recited: "The court having rendered its written decision on motions after verdict directing that there be a new trial in the interests of justice, . . ."

[4] *Goldenberg v. Daane* (1961), 13 Wis. (2d) 98, 108 N. W. (2d) 187.

[5] *Alexander v. Meyers* (1952), 261 Wis. 384, 52 N. W. (2d) 881.

[6] (1962), 18 Wis. (2d) 22, 117 N. W. (2d) 620.

[7] *Werren v. Allied American Mut. Fire Ins. Co.* (1958), 3 Wis. (2d) 313, 88 N. W. (2d) 348.

so insufficient as to justify changing the answers to the special verdict questions.[8]

As an incident of making a judgment that a verdict is against the great weight and clear preponderance of the evidence, the trial court must be able to evaluate the general credibility of the witness based upon his appearance and demeanor, as well as evaluating the internal content and consistency of his testimony.

Turlock's testimony at the trial and at a previous adverse examination brought out inconsistencies as to his speed and the position of his car with respect to the synchronized stop-and-go lights on Vliet street (the street on which he was traveling) and also as to his lookout as to the Flippin car. Since the important question was which driver had the benefit of a green light, the trial court could well consider these inconsistencies along with the demeanor of Turlock to be crucial, and that a new trial was required in order to avoid a miscarriage of justice.

*By the Court.*—Order affirmed.

Currie, C. J., and Fairchild, J., dissent.

---

[8] *Brunke v. Popp* (1963), 21 Wis. (2d) 458, 124 N. W. (2d) 642; *Pingel v. Thielman* (1963), 20 Wis. (2d) 246, 121 N. W. (2d) 749; *Bohlman v. Nelson* (1958), 5 Wis. (2d) 77, 92 N. W. (2d) 345.