HOUSTON, Appellant, v. HOUSTON, Respondent.

*March 29—April 27, 1965.*

For the appellant there was a brief by *Phillips, Hoffman & Phillips* of Milwaukee, and oral argument by *N. Paley Phillips*.

For the respondent there was a brief by *Stupar & Enich* and *Steve Enich* and *Reginald M. Hislop, Jr.*, all of Milwaukee, and oral argument by *Steve Enich*.

GORDON, J.

> "Hateful to me as are the gates of hell,
> Is he who, hiding one thing in his heart,
> Utters another."
>
> Homer—*Iliad*
> (Book IV, L. 386)

Mrs. Houston made numerous allegations of fraud, some of them rather flagrant ones. It does not appear that at the hearing she offered any evidence to support her charge that her previous attorneys had participated in the alleged fraud, nor did she attempt to prove that her former husband had concealed any of his assets.

The principal claim which Mrs. Houston sought to establish at the hearing was that relating to Mr. Houston's understatement of the stock values; however, she was prevented from presenting this evidence because the trial court consistently sustained objections in regard to such proof in apparent reliance upon an erroneous interpretation of *Weber v. Weber* (1952), 260 Wis. 420, 51 N. W. (2d) 18. In both this court and in the trial court, counsel for Mr. Houston maintained that under the rule of *Weber* if the husband's various assets were disclosed, the court could not permit an inquiry into their value.

The *Weber Case* involved the concealment of property, but the case does not hold, nor does it even follow from such case, that misrepresentations as to value are irrelevant in the search for fraud. In *Barrock v. Barrock* (1950), 257 Wis. 565, 569, 44 N. W. (2d) 527, this court said:

"It was plaintiff's duty to establish the true value of his property at the trial, and to give minimized figures would constitute a fraud upon the court."

Both the *Weber Case* and the *Barrock Case* were discussed in 1954 Wisconsin Law Review, 464, 478, 479, in an article by Harold A. Konnak entitled Survey of Wisconsin Domestic Relations Law, 1946–1953. At page 480, the author presents the following conclusion:

"Thus it would appear that any suppression of true values or concealment of assets by either party in a divorce suit would permit the aggrieved party to vacate the judgment of divorce in equity, at least so far as it relates to property division or allowances."

Minor variances in opinion as to the value of closely held securities would probably not support a finding of fraud. Nevertheless, proof as to value is at the very least germane to an inquiry into alleged fraud. This is particularly true when the variances are as great as are alleged in the instant case. For example, the plaintiff attempted to present proof of value by evidence as to actual sales of stock during the period involved; it was error to have sustained objections to such testimony.

While the effect of the one-year provision of sec. 269.46, Stats., on the court's right to re-examine the judgment because of an alleged fraud on the court was not raised by the parties in the instant case, we note that in the *Weber Case* over two years elapsed between the date of the divorce and the claim of fraud, yet this court permitted an inquiry into such fraud.

We express no opinion whatsoever as to the merits of Mrs. Houston's allegations. Our holding goes no further than to conclude that she was not given an adequate opportunity to prove her allegation that Mr. Houston had fraudulently misrepresented the value of his holdings.

*By the Court.*—Order reversed, and cause remanded for further proceedings.

BEILFUSS, J. (*dissenting*). I would affirm. The judgment based upon stipulation was granted September 24, 1959. The petition to reopen the judgment was not made until June 9, 1964, almost five years later.

The plaintiff seeks to reopen the judgment upon her allegation that a fraud has been committed on the court. In *Weber v. Weber* (1952), 260 Wis. 420, 431, 51 N. W. (2d) 18, cited by the majority, we state: "Actions of this nature are not favored by the courts generally, and each case must be judged on its own facts."

I agree with the majority in their conclusion that the *Weber Case* does not restrict the inquiry to matters of concealment. Gross undervaluation or intentional misrepresentations could be relevant as to the question of fraud on the court.

In this instance it does not appear that there was a concealment of assets—on the contrary it affirmatively appears that a list of all the property was furnished by the defendant to the plaintiff and her attorney some three months before the divorce was granted.

The stipulation is extensive and detailed and contains the following:

". . . that plaintiff hereby accepts the considerations hereinafter mentioned from defendant as and for full satisfaction and discharge of alimony and counsel fees and as such full and final division and distribution of the estate and property of the parties in lieu of all alimony and as essential term of this stipulation and as essential consideration supporting this stipulation without which this stipulation would not have been made; that plaintiff agrees that none of the provisions of this stipulation, excepting only those relating solely to support or custody of the minor children of the parties, are in any way subject to modification, revision, adjustment or change for any reason whatsoever including without limitation change or alleged change in the economic circumstances of either of the parties, and that such provisions are the sole and only provisions made or to be made for plaintiff; that it is an essential condition of, and essential consideration supporting, this stipulation without which it would not have been made, that the Court expressly intend, determine, and adjudicate, as essential to judgment herein, so far as it affects the property and financial interests and obligations of the parties hereto, that the Court does not have and shall not have any power of modification, revision, adjustment or change of such provisions, . . ."

The written conclusions of law reached by the court provide in part:

*"Third.* That the stipulation entered into between the parties hereto on the 22nd day of September, 1959, with the approval of their respective attorneys, and discussed in open court, has the approval of the court in its entirety and shall be incorporated in the judgment to be entered herein as follows: (Thereafter, there is set forth the entire stipulation of the parties)."

It is apparent that the question of the division of estate was not lightly considered by the parties or the court. The plaintiff had ample opportunity by discovery or trial to challenge and determine the values of the property. She also had the opportunity to seek relief from the stipulation under the terms of sec. 269.46, Stats.[1]

I would hold that where the parties enter into a stipulation providing for a division of estate and the stipulation has the approval of the court that in the absence of a showing of concealment of assets the complaining party cannot be relieved from the effects of the stipulation unless he acts within the year pursuant to sec. 269.46, Stats.

I am authorized to state that Mr. Chief Justice CURRIE and Mr. Justice HALLOWS join in this dissent.

---

[1] "RELIEF FROM JUDGMENTS, ORDERS AND STIPULATIONS; REVIEW OF JUDGMENTS AND ORDERS. (1) The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding."