Jeanne ROSENBERG, Plaintiff
and Appellant,

and

David Rosenberg, Plaintiff,

v.

Richard Robert MOSHER and All American, Inc., A Delaware Corporation, formerly All American Transport, Inc., Defendants and Appellees.

No. 13381.

Supreme Court of South Dakota.

Considered on Briefs Jan. 21, 1982.

Decided March 16, 1983.

Patrick J. Kane of Kean & Kane, Sioux Falls, for plaintiff and appellant.

Carleton R. Hoy of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendants and appellees; Jim L. Sorvaag, Legal Intern, on the brief.

DUNN, Justice (on reassignment).

Plaintiff Jeanne Rosenberg (appellant) appeals from a judgment entered upon a jury verdict for defendants Richard Mosher and All American, Inc. (appellees).[1] The trial court also denied appellant's motions for a directed verdict, for judgment notwithstanding the verdict, and for a new trial. We reverse and remand.

Appellant brought this action to recover for personal injuries she received when appellee Mosher, while driving a tractor/trailer rig owned by appellee All American, Inc., collided with a van owned by appellant and her former husband. At the time of the collision appellant was sleeping in the rear of the van which was being driven by a companion of appellant and her husband. The parties were driving across Iowa on

1. Mrs. Rosenberg's former husband was also a plaintiff but he has not appealed.

interstate highway 80 in the early morning darkness when the collision occurred. Both vehicles were traveling east-bound when Mosher first saw the rear reflectors or taillights on the van approximately 100 feet ahead of him. Mosher swerved but was unable to avoid hitting the rear of the van. The evidence conflicted on the speed of appellants' van and the working condition of its taillights. Mosher testified that oncoming vehicles could have been more than 600 feet from him at the location of the collision but he could not recall if he had met any oncoming vehicles at the point of the collision. He also stated his headlights had been on low beam because of earlier oncoming traffic.

■ Appellees initially moved to dismiss this appeal arguing that appellant's notice of appeal was not timely filed after appellant made a motion for new trial upon which the trial court did not act within 20 days after the motion had been filed. See SDCL 15–6–59(b). In *First National Bank of Beresford v. Nelson*, 323 N.W.2d 879, we calculated the circuit court's 20-day period to act on a motion for new trial from the date of "presentation" which we interpreted as the date of hearing. Calculating the twenty-day period from the date of hearing on the motion for new trial, and not from the date of filing as appellees calculate, we have determined that appellant's notice of appeal was timely filed.

The jury was partially instructed on Iowa law regarding the lighting equipment that is required on vehicles. Appellant contends, however, that the trial court erroneously refused to instruct the jury on the law of Iowa which requires, (1) a driver to use enough light at certain times to reveal persons and vehicles at a safe distance ahead; and, (2) a vehicle to be equipped with headlights capable of revealing persons and vehicles for a distance of at least 350 feet ahead when on high beam.[2]

■ "A failure to give a requested instruction setting forth the applicable law constitutes prejudicial error. [cites omitted]." *Atyeo v. Paulsen*, 319 N.W.2d 164, 165 (S.D.1982); *Miller v. Baken Park, Inc.*, 84 S.D. 624, 631, 175 N.W.2d 605, 609 (1970), modified 85 S.D. 133, 178 N.W.2d 560 (1970).[3] Appellant's complaint did not precisely allege that appellees' negligence included a failure to use enough light or to equip the tractor rig with the required lights. Appellant's theory of negligence underlying her allegations fairly included these facts, however. Enough evidence was also presented to raise a fact question for the jury on whether the tractor was properly equipped with lights or whether the lights should have been on high beam. "The trial court has a duty to instruct the jury on applicable law where the theory [of liability] is supported by competent evi-

**2.** Iowa Code § 321.409 (1966) requires vehicles to be equipped with headlamps subject to the following limitations relevant here:

1. There shall be an uppermost distribution of light, or composite beam, so aimed and of sufficient intensity to reveal persons and vehicles at a distance of at least three hundred fifty feet ahead for all conditions.
2. There shall be a lowermost distribution of light, or composite beam so aimed and of sufficient intensity to reveal persons and vehicles at a distance of at least one hundred feet ahead. On a straight level road under any condition of loading none of the high-intensity portion of the beam shall be directed to strike the eyes of an approaching driver.

The relevant portions of Iowa Code § 321.415 (1966) provide:

Whenever a motor vehicle is being operated on a roadway or shoulder [from sunset to sunrise], the driver shall use a distribution of light, or composite beam, directed high enough and of sufficient intensity to reveal persons and vehicles at a safe distance in advance of the vehicle, subject to the following requirements and limitations:

1. Whenever a driver of a vehicle approaches an oncoming vehicle within five hundred feet, the driver shall use a distribution of light, or composite beam, so aimed that the glaring rays are not projected into the eyes of the oncoming driver. The lowermost distribution of light, or composite beam, specified in section 321.409, subsection 2, shall be deemed to avoid glare at all times, regardless of road contour and loading.

**3.** In Iowa, violation of safety statutes regulating the operation of motor vehicles is negligence as a matter of law. *Berhow v. Kroack*, 195 N.W.2d 379 (Iowa 1972); *Kohler v. Sheffert*, 250 Iowa 899, 96 N.W.2d 911 (1959)..

dence. [cites omitted]." *Jahnig v. Coisman,* 283 N.W.2d 557, 560 (S.D.1979). This the trial court failed to do.

■ Appellant also contends that the deposition of the Iowa highway patrolman who investigated the accident, particularly his testimony regarding the speed of the van, was erroneously read to the jury. The patrolman went so far as to admit that he could not remember where he came up with the estimate of the speed of Rosenberg's van though he said the estimate may have been given by Mosher. The patrolman's deposition testimony was hearsay to the extent that it was based on statements made by anyone other than the patrolman. SDCL 19–16–1(3). Appellees have not argued that portions of the deposition were not hearsay. Appellees have not argued that the testimony was within one of the hearsay exceptions. To the extent that the patrolman's deposition testimony was hearsay it was inadmissible. SDCL 19–16–4.

The other issues raised by appellant are without merit.

The judgment is reversed and the case is remanded for a new trial consistent with this opinion.

FOSHEIM, C.J., and WOLLMAN and MORGAN, JJ., concur.

HENDERSON, J., concurs in result.

HENDERSON, Justice, concurring in result.

Tracing the history of the adoption of the comparative negligence doctrine by the first state, Florida, to the thirty-eighth state, the Supreme Court of Iowa in the case of *Goetzman v. Wichern,* 327 N.W.2d 742 (Iowa 1982), adopted the pure form of comparative negligence in the State of Iowa. This decision was filed on December 22, 1982, and held, inter alia:

We hold that in all cases in which contributory negligence has previously been a complete defense, it is supplanted by the doctrine of comparative negligence. In such cases contributory negligence will not bar recovery but shall reduce it in the proportion that the contributory negli-

gence bears to the total negligence that proximately caused the damages.

*Goetzman,* 327 N.W.2d at 754. Said Iowa decision particularly set forth a provision with respect to "retroactivity." I quote therefrom:

The other courts that have adopted comparative negligence have all made the doctrine effective to pending cases to some extent. Considerations affecting that determination are discussed in them. *See, e.g., Placek v. City of Sterling Heights,* 405 Mich. [638] at 662–68, 275 N.W.2d [511] at 520–22; *see also* Keeton, *Creative Continuity in the Law of Torts,* 75 Harv.L.Rev. 463, 506–09 (1962). We conclude that the doctrine shall apply to (1) the present case, (2) all cases tried *or retried after the date of filing of this opinion, and (3) all pending cases, including appeals, in which the issue has been preserved.* (Emphasis supplied.)

*Goetzman,* 327 N.W.2d at 754.

I agree with the majority that this case must be retried but it must be retried in accordance with *Goetzman,* 327 N.W.2d 742. I base this statement not only upon this recent Iowa decision but upon *Heidemann v. Rohl,* 86 S.D. 250, 194 N.W.2d 164 (1972), which requires this Court to apply the law of the place of the wrong in a tort action. Here, the collision occurred in Iowa. Therefore, Iowa's law applies.

Conceding that the violation of safety statutes regulating the operation of motor vehicles is negligence as a matter of law in Iowa, it appears that Mosher, the truck driver, rear-ended the van in which the appellant was sound asleep on the floor. Mosher admitted exceeding the speed limit in Iowa. By his own testimony, he admitted that he was driving on low beams at 3:40 a.m. and that he failed to see the van until he was approximately 100 feet away and could not avoid crashing into the van. Thus, by being on low beams and speeding, the trucker had insufficient lighting to reveal "persons and vehicles at a safe distance in advance of the vehicle." This latter language is taken from the Iowa statutes,

§ 321.415. There was an absence of any contributory negligence on the part of the sleeping passenger, appellant herein. Facts developed at trial reflect that for this long distance move, both plaintiffs had bolted certain dressers to the floor of the van which contained drawers with clothes and personal belongings; also, the back end of the van contained pots, pans, and dishes. Upon impact, testimony revealed that this "all flew apart" and that the injured woman had to be "dug out of the rubble."

It is totally incredible that this sleeping passenger in a van, who had no control over the vehicle, could have been found by the jury to be the *sole* proximate cause of her injuries. Obviously, if the truck had not plowed into the rear of the van in the black of the night, she would have had no injuries. Thus, even under the doctrine of comparative negligence, she was entitled to a directed verdict on liability. To compare negligence on the liability question, there would have to be some negligence on the side of both parties. Appellant sleeping on the floor of the van was faultless in causing the collision. The jury should not have been permitted, under the state of the evidence in the record, to speculate on the truck driver's liability, for, indeed, he violated Iowa state statutes and was negligent as a matter of law. *Berhow v. Kroack,* 195 N.W.2d 379 (Iowa 1972).

I agree to the necessity of a retrial of this case but on the sole issue of damages and not a complete retrial as envisioned by the majority. The fact that there were drawers and personal paraphernalia that toppled on top of appellant creates a question of the extent of her injuries attributable to the collision as created by the immediate impact and force of the truck hitting the rear end of the van. As to whether or not she contributed in some way to her own injuries caused by the van being packed with personal property, is an issue properly subject to determination in a retrial of this action. To put it another way, under no circumstance would I permit a jury to deliberate on liability, but would so permit it to deliberate on the extent and proximate cause of her injuries to determine the proper amount of damages. Again, *Goetzman* would aid the trial court on an instruction pertaining to the recovery of damages.

> Under a system of comparative negligence, the keystone to fairness is proportionate responsibility for fault, not the relative severity of injuries. Each party's recovery of damages is reduced in proportion to that party's responsibility for them. As a result, no one is unjustly enriched.

*Goetzman,* 327 N.W.2d at 754. I further respectfully suggest inasmuch as this case must be tried under Iowa law, that the causation requirements of § 619.17 of the Iowa statutes applies.