**Karla SCHNEIDER, Plaintiff and Appellee,**

v.

**Louella YELLOW WOLF and Russell Warren Jurisch, Defendants,**

v.

**AMERICAN FAMILY INSURANCE, Defendant, Third Party Plaintiff and Appellant, (# 17721),**

v.

**AETNA CASUALTY AND SURETY COMPANY, Defendant and Third Party Defendant and Appellant, (# 17720).**

Nos. 17720, 17721 and 17735.

Supreme Court of South Dakota.

Jan. 29, 1992.

Wynn A. Gunderson of Gunderson, Palmer, Goodsell and Nelson, Terry L. Hofer of Bangs, McCullen, Butler, Foye and Simmons, Rapid City, for appellee Schneider.

Robert L. Morris II of Quinn, Day and Barker, Belle Fourche, for appellant American Family Ins.

Timothy J. Becker of Johnson, Huffman P.C., Rapid City, for appellant Aetna Cas. and Sur. Co.

MILLER, Chief Justice.

### FACTS/PROCEDURAL HISTORY

Karla Schneider sued Louella Yellow Wolf and Russell Jurisch over an automobile accident that occurred in 1986. Schneider also sued her insurer, American Family Mutual Insurance Company (American Family), because she understood that Yellow Wolf and Jurisch were uninsured. American Family filed a third party complaint against Aetna Casualty and Surety Company (Aetna), the insurer for Schneider's employer. American Family contended that Schneider's employer's insurer was responsible to provide primary coverage because the accident occurred while Schneider was using her vehicle in the course of her employment. After American Family filed its third party complaint against Aetna, Schneider amended her complaint to make a direct complaint against Aetna.

The trial court concluded that American Family was responsible to provide primary coverage for the accident and Aetna responsible for excess coverage. Yellow Wolf and Jurisch did not answer and default judgment was entered against them in favor of Schneider. American Family and Aetna continued to deny liability. A jury trial was held and Schneider received a verdict in the amount of $252,340.

The trial judge executed a final judgment which was filed on July 9, 1991. Schneider served American Family and Aetna with notice of entry of the judgment on July 10, 1991. American Family served and filed a motion for new trial on July 22, 1991. Aetna served and filed a motion for new trial on July 19, 1991. The trial court did not enter any order extending the time to resolve the motions for new trial. A hearing on the motions for new trial was held on August 12, 1991. An order denying the motions for new trial was filed on August 28, 1991. Aetna filed its notice of appeal on October 25, 1991. American Family filed its notice of appeal on October 29, 1991. Aetna also filed a notice of review on November 15, 1991.

On November 22, 1991, this Court issued orders to show cause to both American Family and Aetna. The orders to show cause noted that the notices of appeal appeared to be untimely and directed Aetna and American Family to show cause why the appeals should not be dismissed. Both Aetna and American Family responded. We dismiss the appeals for lack of subject matter jurisdiction because the notices of appeal were not timely filed.

### DECISION

The statutes concerning motions for new trial are clear. SDCL 15–6–59(b) provides:

The motion for a new trial stating the grounds thereof shall be served and filed not later than ten days after the notice of entry of the judgment.

The court shall make and file the order granting or denying such new trial *within twenty days after the service and filing of such motion,* unless for good cause shown, the court files an order within said twenty days extending the time for entering such order. If a motion for new trial has not been determined by the court and no order has been entered by the court extending the time for such ruling *within twenty days from the date of service and filing of such motion,* it shall be deemed denied. (emphasis added).

SDCL 15–26A–6 reads, in pertinent part: The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the circuit court by any party pursuant to § 15–6–59 or § 15–6–50(b), or both, and the full time for appeal fixed by this section commences to run and is to be computed from the attestation and filing of an order made pursuant to such motion or if the circuit court fails to take action on such motion or fails to enter an order extending the time for taking action on such motion within the time prescribed, then the date shall be computed from the date on which the time for action by the circuit court expires.

SDCL 15–6–59(b) clearly requires that within the twenty-day period the trial court must either "make and file the order granting or denying" the motion for new trial or "file" an order extending the twenty-day period. In this case, the trial judge did not enter an order denying the motion for new trial until August 28, 1991, well beyond the twenty-day period. The trial judge did not enter any order extending the time to consider the motion for new trial. Thus, pursuant to SDCL 15–6–59(b), each motion for new trial was deemed denied twenty days after they were served and filed. Conse-

quently, American Family's motion was deemed denied on August 11, 1991, and Aetna's motion was deemed denied on August 8, 1991. Their sixty-day appeal periods began to run on those dates, respectively. SDCL 15–26A–6. American Family's appeal period expired on October 10, 1991. American Family did not file its notice of appeal until October 29, 1991. Aetna's appeal period expired on October 7, 1991. Aetna did not file their notice of appeal until October 25, 1991. Neither American Family nor Aetna filed their notice of appeal within that sixty-day appeal period.

■ Both American Family and Aetna claim the trial judge "took action" by holding a hearing on August 12, 1991. They contend the hearing was "action" which operated to toll the twenty-day period allotted for the trial judge to resolve motions for new trial.

Aetna's and American Family's assertions ignore the plain language of the statutes. Their arguments also ignore revisions which were made to SDCL 15–6–56(b) and specifically intended to avoid this problem. Under a former version of SDCL 15–6–59(b) the limitation periods was calculated based on the time of "presentation" of the issue to the trial court. Under the former version of the statute, this Court held that "presentation" meant a hearing. This "presentation" standard was imprecise and as a result litigants were not always certain when their notice of appeal needed to be filed.[1] Effective January 15, 1983, SDCL 15–6–59(b) was amended and the "presentation" language was replaced with a more definite standard. Under the current statute the twenty-day time limit begins running at the "service and filing" of the motion for new trial. The trial judge must decide the motion or extend the time period *within* the twenty-day period. At the expiration of the twenty days, the motion is deemed denied if the trial court has

---

1. This Court addressed the problems caused by the "presentation" standard in *First Nat. Bank of Beresford v. Nelson,* 323 N.W.2d 879 (S.D.1982). In that opinion we noted that it "may well have

been advisable" to amend SDCL 15–6–59(b) to eliminate the ambiguity created by the "presentation standard." Shortly thereafter SDCL 15–6–59(b) was amended to its present form.

neither decided the motion nor extended the time period.

American Family and Aetna still argue that "presentation" is the determining event.[2] In essence they urge us to ignore the 1983 revision in the statutes. This we cannot do. Aetna and American Family failed to file their notices of appeal in a timely fashion. As a result, this Court does not have jurisdiction to hear their appeals. *See, e.g., Ireland v. Ireland,* 62 S.D. 300, 252 N.W. 852 (1934). Both appeals are dismissed.

WUEST, HENDERSON and SABERS, JJ., concur.

AMUNDSON, J., dissents.

AMUNDSON, Justice (dissenting).

In this case, the motion for new trial was filed, argued and orally decided by the trial court within the twenty-day period required by SDCL 15–6–59(b). At the August 12, 1990, motion hearing, the trial court took action on the motion by denying it. All that remained to be done was the preparation of an order, in accordance with the trial court's decision with submission of same to the trial court for execution by the prevailing party, to-wit: plaintiff in this action.

This order was prepared (the record on the order to show cause does not denote exactly when this was done) with the record showing it as signed and filed by the trial court on August 28, 1990. On August 29, 1990, plaintiff served a copy of the order denying new trial on the defendants as evidenced by the certificate of service on file, which was obviously after plaintiff had submitted the proposed order to the court for its execution.

In the case of *Flippin v. Turlock,* 24 Wis.2d 49, 127 N.W.2d 822 (1964), the court was presented with facts where the motion for new trial was filed within the statutory time frame and orally decided by the trial court at time of oral argument. The formal decision on the new trial motion was not filed until eight months and two weeks after the verdict. The statute in Wisconsin provided that the motion was to be made and heard within sixty days of the verdict. Since the motion had been heard, and actually decided within the sixty days provided for in the statute, the court held there had been substantial compliance with the statute notwithstanding the later filing of the formal decision.

In this case, the motion was timely filed and decided by the trial court. All that remained was for the prevailing party (plaintiff) to prepare the necessary order denying the motion, which is the normal procedure employed by trial courts. This obviously was not done forthwith in view of the date the order was filed and served.

With these facts in mind and seeing no lengthy delay in the administration of justice as a problem in this case, I would allow these appeals to go forward. The record adequately shows substantial compliance with the statute, if not a de facto extension of time by the trial court for entry of the order.

---

2. Some practitioners may be confused by the annotation under SDCL 15–6–59(b) to *Rosenberg v. Mosher,* 331 N.W.2d 79 (S.D.1983). That case was based on the former version of that statute but was not handed down until March 16, 1983. We note for the benefit of practitioners that *Rosenberg* does not state the standards set forth under current statutes. Neither Aetna nor American Family has specifically relied on *Rosenberg.*