## WELCH, Respondent, vs. DUNNING, Appellant.

*May 23—June 13, 1916.*

*False representations: Sale of tubercular cattle: Evidence: Sufficiency: Competency: Special verdict: Findings construed: Inconsistency: Pleading: Law of another state: Measure of damages.*

1. Findings by the jury to the effect that defendant knowingly made false representations as to the health of cattle sold by him to plaintiff and as to their having been tested for tuberculosis, are *held* to be sustained by the evidence.

2. The jury answered affirmatively the first two questions in the special verdict, as to representations made by defendant. Question 3 was: "If you answer questions 1 and 2 or either of them Yes, was such representation false?" This was answered Yes. *Held*, that the jury thereby found that the representations referred to in questions 1 and 2 were both false.

3. Where two findings in a special verdict are inconsistent, and but one of them has support in the evidence, the other may be disregarded.

4. If not pleaded, the law of another state is not admissible in evidence.

5. For the purpose of showing that defendant knew that cattle shipped by him to plaintiff were not healthy, it was competent to prove that he had had trouble in previous recent shipments of cattle on account of their having tuberculosis.

6. For false representations as to health of cattle sold and shipped by defendant to plaintiff in Dakota, the latter was entitled to

recover the difference between their value if they had been as represented and their value in the condition in which they were when in plaintiff's possession in Dakota; also the sums reasonably expended in railway travel and in transporting the cattle to Dakota, in caring for them on the way and while they were still under plaintiff's care in Dakota, together with the amount necessarily expended in testing the cattle, destroying their carcasses, and disinfecting the buildings in which they had been kept.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to recover damages for fraud in the sale of cattle. About March 2, 1914, plaintiff, a resident of Grafton, North Dakota, purchased fifty-six head of cattle of the defendant, a resident of Hebron, Illinois. Plaintiff's claims are, in substance, that defendant represented the cattle to be healthy and that he would furnish plaintiff with a certificate of examination by veterinarians authorized by the state of Wisconsin to administer the tuberculosis test showing that the cattle purchased had been tested in conformity with the laws and regulations of the state of Wisconsin within thirty days prior to date of shipment; that the plaintiff relied upon such representations in purchasing the cattle; that such representations were false to the knowledge of defendant; that certificates of inspection bearing false dates showing inspection within thirty days of shipment were furnished, when in fact most of the cattle had not been inspected within thirty days, and that shortly after the cattle arrived at Grafton eleven of them were condemned by the state live stock sanitary board of North Dakota by reason of their being infected with tuberculosis, and that thirty-two head were shipped to South St. Paul for slaughter because believed to be infected, all to the plaintiff's damage in the sum of $2,054.60.

The jury found (1) that the defendant represented to the plaintiff before the purchase of the cattle that they were free from any infection of bovine tuberculosis; (2) that the defend-

ant represented to the plaintiff before the purchase of the cattle that they had been tested with the Wisconsin tubercular test within thirty days prior to their shipment to North Dakota; (3) that both such representations were false; (4) that the defendant knew they were false at the time he made them; (5) that he ought to have known they were false at the time he made them; (6) that he made such representations recklessly and with no knowledge on the subject; (7) that he made them for the purpose of inducing plaintiff to purchase the cattle; (8) that plaintiff believed such representations to be true when he purchased the cattle, and that he was induced to purchase the cattle by his belief in and reliance upon such representations; (9) that plaintiff ought not to have discovered the falsity of such representations by the exercise of ordinary care and prudence under all the circumstances known to him; (10) that the defendant represented to the plaintiff, before the purchase of the cattle, that he would furnish certificates of health showing that the cattle had been tested with the Wisconsin tubercular test within thirty days prior to their shipment to North Dakota; (11) that plaintiff relied upon such representation and was induced thereby to purchase the cattle; (12) that in the exercise of ordinary care and prudence the plaintiff ought to have relied upon the representation that the defendant would furnish such certificates; (13) that the defendant knowingly and with intent to cheat and defraud the plaintiff caused to be furnished false certificates of health to accompany the shipment of cattle, for the purpose of misleading the plaintiff as to the actual dates upon which the cattle were in fact tested; (14) that the defendant caused such certificates to be furnished for the purpose of inducing the plaintiff to purchase the cattle; (15) that the plaintiff was misled by the dates appearing upon said certificates and thereby induced to purchase or retain the cattle; (16) that plaintiff in the exercise of ordinary care and prudence ought to have relied upon the statements made in the certificates furnished

that the cattle were tested upon the dates therein given, or upon any particular dates; and (17) damages in the sum of $1,851.

The court entered judgment upon the verdict in favor of the plaintiff, and the defendant appealed.

For the appellant there were briefs by *Vroman Mason,* attorney, and *David R. Joslyn,* of counsel, and oral argument by *Mr. Mason.*

For the respondent there was a brief by *Gilbert & Ela,* and oral argument by *Emerson Ela* and *F. L. Gilbert.*

VINJE, J.    Defendant makes a strong argument claiming that the findings of the jury to the effect that he knowingly made false representations as to the health of the cattle and their having been tested according to the Wisconsin law are not sustained by the evidence.    We have carefully examined the same and have reached the conclusion that they find support in the evidence.    The representation that they were healthy is found upon conflicting evidence, the plaintiff testifying that such representation was made and the defendant denying it.    Evidently the jury believed the plaintiff. There is no dispute but that the certificates of inspection furnished were false to the knowledge of the defendant.    They did not come into the hands of the plaintiff till after the contract was closed and the cattle shipped.    Neither did the slips showing individual inspection come into his hands until the cattle were shipped.    He was therefore without any knowledge or means of knowledge as to the falsity of the certificates till after he had received the cattle and shipped them.

Question numbered 3 read: "If you answer questions 1 and 2 or either of them Yes, was such representation false ?" The jury answered both questions 1 and 2 Yes, and also question 3 Yes.    The only reasonable construction that can be given to question 3 and its answer is that the jury found that the representations made in both questions 1 and 2 were false.

It is evident that the answer to question 6 is inconsistent with the answer to question 4, but the record clearly shows that the answer to question 4 finds support in the evidence while the answer to question 6 does not, so its answer may be disregarded.

Defendant claims the law of Illinois governs the case. Since the jury's findings that the defendant knowingly made false representations as to the health of the cattle and certificates to be furnished are sustained by the evidence, it becomes immaterial whether the case falls under the law of Illinois, which it is claimed requires knowledge of the falsity of the representations made in order to incur liability, or under the laws of this state. Moreover, the law of Illinois in this respect was not pleaded and was therefore not admissible in evidence. *White v. M., St. P. & S. S. M. R. Co.* 147 Wis. 141, 133 N. W. 148.

Evidence was received over objection of defendant to the effect that he had had trouble in previous recent shipments of cattle on account of their having tuberculosis. The evidence was received for the purpose of showing knowledge on his part that his cattle were not healthy. It was competent upon that subject.

It is claimed that the damages found are excessive. Upon the question of damages the court instructed the jury as follows:  .

"In considering what shall be your answer to this question you will first consider the sum which you find from the evidence is the difference between the two sums; the first sum is the fair and reasonable value of the cattle here in question if they had been in the condition which you find *Mr. Dunning* represented them to be, if you find he made such representations; the second sum is the fair and reasonable value of these same cattle in the condition in which you find them to have been at the time they were in *Mr. Welch's* possession in North Dakota; the difference between these two sums is the first element you will have to consider in answering this last question.

Other elements that you will have to consider are such sums as you find were reasonably and necessarily expended in railway travel and in transporting these cattle to Dakota, in caring for them on the way and while they were still under the care of *Mr. Welch* in Dakota, together with such sum as will reasonably and necessarily measure the amount expended in testing these cattle, destroying their carcasses, and disinfecting the buildings in which they had been kept. Whatever sum will measure all these elements fairly and reasonably, that sum will be your answer to this last question."

The charge correctly stated the law and the evidence supports the award made.

Defendant's other assignments of error are deemed not well taken. The case is one presenting practically only questions of fact for adjudication. Hence, when those are found by the jury there remains only the task of ascertaining whether or not they have sufficient support in the evidence to sustain them.

*By the Court.*—Judgment affirmed.