WESTENBERG, Plaintiff, vs. BHEND, Defendant.

*October 20, 1920—January 11, 1921.*

*Breach of marriage promise: Settlement by giving note: Consideration: Duress: Special verdict: Inconsistency: Findings which are merely conclusions of law: Effect.*

1. When an order for a new trial was not based on the exercise by the trial court of general discretion, but solely on the ground that the special verdict was inconsistent, if the trial court was mistaken in this conclusion the order must be reversed.
2. Where it was admitted that plaintiff promised to marry defendant, and the jury found that he had breached the agreement and awarded $1,500 damages to the defendant, and also found that a note of $3,500 given by plaintiff to defendant was not given under duress, their finding that the note was without consideration was simply a finding of a conclusion of law, which was for the court, and should have been changed or disregarded.
3. An answer in the special verdict that the note was without consideration should be disregarded, if inconsistent with other answers, where the great weight of the evidence showed that the consideration for the note was a release of liability for a breach of the marriage promise.
4. A *bona fide* settlement of a breach of marriage promise is a valid consideration for a note.

APPEALS from an order of the circuit court for Dodge county: MARTIN L. LUECK, Circuit Judge. *Reversed on defendant's appeal; plaintiff takes nothing on his appeal.*
This is a consolidated action growing out of two actions;

one commenced by the present plaintiff, *Charles Westenberg,* against the present defendant, *Ella Bhend,* and the other by the present defendant, *Ella Bhend,* against the present plaintiff, *Charles Westenberg.*

The actions were consolidated and continued in the name of *Charles Westenberg,* plaintiff, against *Ella Bhend,* defendant. They were tried to the court and a jury and the following verdict returned:

"(1) Did *Charles Westenberg* break his promise to marry *Ella Bhend? A.* Yes.

"(2) If you answer the first question 'Yes,' then answer this question: What sum of money will compensate said *Ella Bhend* for the damages suffered by her in consequence of such breach of promise? *A.* $1,500.

"(3) Did *Ella Bhend* break her promise to marry *Charles Westenberg? A.* No.

"(4) If you answer the third question 'Yes,' then answer this question: What sum of money will compensate *Charles Westenberg* for the damages suffered by him in consequence of such breach of promise. A. ———.

"(5) Was the note for $3,500 given under duress? *A.* No.

"(6) Was there any consideration for said note of $3,500? *A.* No."

Motions were made by both parties to change certain answers in the special verdict and for judgment on the verdict. These motions were denied and the court ordered a new trial. Both parties appealed from the order granting a new trial.

*Otto Kuenzli* of Watertown, for the plaintiff.

For the defendant there was a brief by *Kading & Kading* of Watertown, and oral argument by *C. A. Kading.*

The following opinion was filed November 16, 1920:

KERWIN, J. In granting the motion for a new trial the court used the following language:

"I am of the opinion and hold that the verdict should be set aside and a new trial granted because the answers of the jury to the first and second questions are inconsistent with the answer to the sixth question."

It will be seen from the foregoing that the court did not base the order for a new trial on the exercise of that general discretion which the trial court has on the subject, but solely upon the ground that the special verdict was inconsistent. If this was a mistaken conclusion the order should be reversed, because it cannot be sustained on the ground that it was an exercise of the court's discretion. *Miller v. Casco,* 116 Wis. 510, 93 N. W. 447; *Mullen v. Reinig,* 68 Wis. 408, 32 N. W. 293. The simple question presented, therefore, upon defendant's appeal is whether the verdict is in fact inconsistent, and, if not, whether the defendant should have had judgment on the verdict.

In the issues formed in the consolidated action the defendant had two claims or causes of action against the plaintiff; one for damages for breach of promise of marriage, and another to recover upon a $3,500 note given in settlement of the breach-of-promise cause of action. These issues were litigated in the case. It was admitted that the plaintiff, *Charles Westenberg,* promised to marry the defendant, *Ella Bhend,* and the other issues, namely, that plaintiff, *Charles Westenberg,* broke his promise to marry defendant, and that she sustained $1,500 damages in consequence thereof, that defendant did not break her promise to marry plaintiff, *Charles Westenberg,* and that the $3,500 note was not given under duress, are well supported by the evidence and constitute the particular facts which show a consideration for the note given, when taken in connection with the other undisputed facts in the case.

The consideration for the note, therefore, being established by facts going to show consideration, the finding of the jury in the sixth answer was simply a finding of a conclusion of law and was a question for the court, and should either have been changed or disregarded, since the finding of facts, admission of the parties, and undisputed facts constitute a verity on the question of consideration for the note. *Robinson v. Washburn,* 81 Wis. 404, 51 N. W. 578.

Moreover, in the case at bar there is practically no

evidence to support the conclusion in the answer to the sixth question of the special verdict, and even if the answers were inconsistent the unsupported answer should be disregarded. *Welch v. Dunning*, 163 Wis. 535, 158 N. W. 323. In view of the fact that it is admitted a promise of marriage was made and the great weight of the evidence showing that the promise was breached, and there being practically no evidence of want of consideration, the answer to the sixth question should have been changed by the court or disregarded. It being established that a cause of action existed for breach of promise which resulted in damages to the defendant, the case was a proper one for settlement, and the settlement of such claim was sufficient consideration for the note.

Some question is made by counsel for plaintiff to the effect that the settlement resulting in giving the $3,500 note was obtained by duress and that the note was without consideration. A *bona fide* settlement of the matter in dispute in this case furnished a valid consideration for the note given. This doctrine is well settled in this court. *Kercheval v. Doty*, 31 Wis. 476; *Kowalke v. Milwaukee E. R. & L. Co.* 103 Wis. 472, 79 N. W. 762; *Galusha v. Sherman*, 105 Wis. 263, 81 N. W. 495. The jury found against duress in this case, and the evidence established without substantial dispute that the settlement was made and the note given in compliance with said settlement in satisfaction of the damages.

We are therefore satisfied that upon any theory of the case the court below was in error in ordering a new trial, and that upon the verdict returned and the evidence the defendant, *Ella Bhend*, was entitled to judgment upon the note given.

*By the Court.*—The order granting a new trial is reversed on the defendant's appeal, and the cause remanded with directions to the court below to change the answer to the sixth question from No to Yes and award judgment to the

defendant, *Ella Bhend,* for the amount of the note.  The plaintiff, *Charles Westenberg,* takes nothing upon his appeal.

A motion for a rehearing was denied, with $25 costs, on January 11, 1921.