GRANA, Administratrix, Respondent, v. SUMMERFORD, Appellant.

*January 11—February 7, 1961.*

518

For the appellant there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil*.

For the respondent there was a brief by *Phillips & Richards* of Kenosha, and oral argument by *Charles J. Richards*.

HALLOWS, J. The defendant contends his motion for a directed verdict should have been granted because Grana's negligence was equal to or greater than his and the verdict is not inconsistent.

We consider upon the evidence the trial court did not err in denying the defendant's motion to direct the verdict. A question of fact for the jury on the apportionment of the negligence was presented. On the day of the accident, the weather was clear and Highway EZ, having a black-top surface 18 feet wide, was dry. The road rises to a crest of a hill about 300 feet south of the farm driveway. There were no witnesses to the impact of the cars excepting the defendant.

The evidence is not clear and several inferences can reasonably be drawn therefrom where on the highway in reference to the driveway the defendant and Grana were when Grana

started to make his left turn. This is a vital fact in the determination of the question of Grana's negligence and of the comparison of negligence. Grana was killed in the accident. We have no testimony from him whether or not he looked ahead before starting to make his turn and if he looked whether the defendant could have been seen. Only by accepting the defendant's testimony as entirely credible could the trial court direct a verdict for him. The defendant's credibility was in question and other testimony conflicted with the defendant's testimony of how the accident happened.

The defendant testified that when he was about 200 feet south of the driveway he saw Grana 100 feet north of the driveway. The defendant was then traveling 50 to 55 miles per hour and when he neared the driveway Grana turned left in front of him. The defendant saw no other cars on the road.

One witness, who had been driving just ahead of Grana, testified the defendant passed him just south of the crest of the hill. Another witness, driving behind Grana, testified Grana was traveling south 30 to 35 miles an hour and some 400 feet before coming to the driveway Grana turned on his left signal light and slowed down. This witness passed Grana on the right some 20 to 40 feet north of the driveway. At that time the witness had a clear view south to the crest of the hill and did not see the defendant. Another witness, who lived over the crest of the hill to the south, testified defendant went by his place at a speed 70 to 75 miles per hour.

The defendant in his brief states that a jury could find him causally negligent as to speed but argues that if Grana had looked before making his turn, Grana would have seen him and, therefore, his speed was immaterial.

Assuming negligence on the part of Grana, it does not follow as a matter of law that his negligence was equal to or greater than the defendant's negligence of excess speed. Ex-

cess speed over the crest of the hill shortened the time of defendant's possible lookout and his ability to meet any situation which existed or was about to exist 300 or 400 feet ahead. We pointed out this effect of speed in *Rodenkirch v. Johnson* (1960), 9 Wis. (2d) 245, 101 N. W. (2d) 83.

Although making a left turn in violation of sec. 346.34 (1), Stats., 40 W. S. A., p. 423, is negligence as a matter of law because the section is a safety statute, the breach of the statute is not established from the fact a collision occurred, nor does a breach of the statute establish as a matter of law the degree of contribution of the negligence to the accident. Sec. 346.34 (1) does not impose absolute liability but establishes a standard of care that a left turn into a private driveway cannot be made unless and until such turn can be made with reasonable safety. What is reasonable safety depends upon the facts in the particular case. While we have often commented on the seriousness of left turns, other left-turn cases in which the person making the left turn was held to be 50 per cent negligent are not necessarily controlling. See *Schwarz v. Winter* (1956), 272 Wis. 303, 75 N. W. (2d) 447; *Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 80 N. W. (2d) 380; *Guptill v. Roemer* (1955), 269 Wis. 12, 68 N. W. (2d) 579, 69 N. W. (2d) 571; *Taylor v. Hardware Mut. Ins. Co.* (1958), 3 Wis. (2d) 27, 87 N. W. (2d) 525; *Paster v. Mutual Auto Ins. Co.* (1960), 10 Wis. (2d) 314, 102 N. W. (2d) 772.

The comparison of negligence is determined not by the kind or character or the number of respects of causal negligence but upon the degree of the contribution to the total of such negligence to the occurrence of the accident attributable to the persons involved. *Taylor v. Western Casualty & Surety Co.* (1955), 270 Wis. 408, 71 N. W. (2d) 363; *Mix v. Farmers Mut. Automobile Ins. Co.* (1959), 6 Wis. (2d) 38, 93 N. W. (2d) 869; see also Wis J I—Civil, Part I, 1580.

The appellant cites *Langworthy v. Reisinger* (1946), 249 Wis. 29, 23 N. W. (2d) 485, for the proposition that when causal negligence of both parties is exactly the same nature and kind their contribution is equal. Such doctrine is repudiated by the above cases and again rejected in *Evjen v. Packer City Transit Line* (1960), 9 Wis. (2d) 153, 163, 100 N. W. (2d) 580, wherein we stated:

"The quality of negligence does not determine its quantity. While it may be more difficult to apportion the amount of negligence when it is of the same kind and quality, such negligence is not necessarily as a matter of law equal."

Upon the evidence in the instant case, only part of which has been stated in this opinion, we cannot say as a, matter of law that Grana's negligence in view of the excessive speed of the defendant was equal to or greater than the defendant's.

The defendant argues the verdict is not inconsistent. The question of Grana's negligence in respect to lookout and in making a left turn in violation of sec. 346.34 (1), Stats., was submitted to the jury. The jury found negligence as to lookout but not as to making the left turn. The defendant has rationalized the verdict to show the finding of no negligence in making a left turn was possible by considering the 50 per cent negligence attributed to Grana was based entirely on his failure to look and, therefore, he was not called upon to so control his car so as to comply with the section. However, in instructing the jury the trial court gave the usual instructions on lookout which applied both to Grana and the defendant. In instructing on the left-turn question, the court properly instructed that observation and calculation were an element in determining reasonable safety in making a left turn under sec. 346.34 (1). We must assume the jury followed the court's instructions in reaching its verdict.

We think *Plog v. Zolper* (1957), 1 Wis. (2d) 517, 85 N. W. (2d) 492, which the trial court relied on in granting

a new trial applies to this case. The duty created by sec. 346.34 (1), Stats., should not be broken down into lookout and management and control as separate acts of negligence. This section does not absolutely prohibit a left turn or prescribe the manner in which such a turn should be made, but it does prohibit such a turn unless and until it can be made with reasonable safety. This standard of care requires an observation and a calculation of speed and location of other traffic based on that observation to determine the reasonable safety of making the left turn. If no observation is made and consequently no calculation, the duty required by this section is violated. When an inquiry is made in the form of the verdict of a statutory duty which includes several elements of conduct, one of those elements should not also be made the subject of a separate inquiry.

All left-turn cases do not necessarily exclude the submission of a question of lookout. In *Paulson v. Hardware Mut. Casualty Co.* (1957), 2 Wis. (2d) 94, 85 N. W. (2d) 848, the question of lookout was submitted with the question of the manner of making a left turn at an intersection under sec. 85.17 (2), now sec. 346.31 (3), Stats. This section relates to the manner of turning left and requires the turn to be made to the right of and next to the center of the highway. It does not involve any element of lookout for an oncoming or approaching automobile and, therefore, a separate inquiry on lookout would not be duplication.

In *Scott v. Gilbertson* (1957), 2 Wis. (2d) 102, 85 N. W. (2d) 852, which was a left-turn case into a private driveway, we stated that an observation to the rear to ascertain if one could make a left turn with reasonable safety was impliedly required by sec. 85.175 (1), now sec. 346.34 (1), Stats. It was held there was no error in not submitting a separate question on lookout on the part of such left-turning driver and such question, if submitted, might have rendered the

verdict duplicitous. The jury's answers in the instant case rendered the verdict inconsistent, which may also result when negligence in the same respect is involved in two separate inquiries.

We wish to correct the misleading statement in the *Scott Case*, wherein in referring to the *Paulson Case*, it is stated (p. 108):

"There the collision occurred between a vehicle turning left and another proceeding in the opposite direction. In such a situation, the driver making the left turn has a duty to keep a lookout ahead independently of making the observation required under sec. 85.175 (1), Stats. In such a fact situation, it may be proper to submit a separate question on lookout in addition to the question, which inquires as to whether there was negligence in the manner of making the left turn."

The reference to sec. 85.175 (1), Stats., is an error. The section involved in the *Paulson Case* was sec. 85.17 (2), not sec. 85.175 (1). There is no duty to keep a lookout ahead independently of making the observation required under sec. 85.175 (1). It is one and the same duty.

The trial court in its two memoranda decisions on motions after verdict gave careful and detailed consideration to this problem and came to the conclusion that it was in error in submitting both inquiries to the jury. Under the evidence and the instructions, the answers given by the jury were inconsistent. The evidence will support both answers and it cannot be said the answer to the inquiry of making a left turn is unsupported by any credible evidence and, therefore, may be stricken under *Welch v. Dunning* (1916), 163 Wis. 535, 158 N. W. 323, as surplusage.

No question was raised as to the damages awarded by the jury. The order of the trial court granting a new trial on the question of liability only should be affirmed.

*By the Court.*—Order affirmed.