James J. GILSOUL, Plaintiff,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff-Appellee,

and

Norel SCHAUT, Third-Party Defendant-Appellant.

Nos. 14877, 14878.

United States Court of Appeals Seventh Circuit.

June 24, 1965.

James F. Pressentin, Green Bay, Wis., for Norel Schaut, Bernard Berk, Green Bay, Wis., of counsel.

James B. Brennan, U. S. Atty., Franklyn M. Gimbel, Robert J. Lerner, Asst. U. S. Attys., Milwaukee, Wis., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

HASTINGS, Chief Judge.

This case arose out of a collision between a Ford station wagon owned by the United States and operated by Arthur W. Schultz, a member of the Air Force, and a motorcycle operated by Norel Schaut and containing a passenger, James J. Gilsoul.

Schaut and Gilsoul filed separate complaints against Government and Government filed a third party complaint against Schaut. Jurisdiction was based on Section 1346(b), Title 28 U.S.C.A.[1]

1. "§ 1346.   United States as defendant
\*      \*      \*      \*      \*

"(b) Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any em-

The cases were consolidated for trial, pursuant to stipulation by the parties, and trial was by the court without the intervention of a jury. The district court entered findings of fact and conclusions of law and found Government, acting through its agent Schultz, to have been 65% proximately and causally responsible for the collision and Schaut 35% responsible, pursuant to Wisconsin law.

Judgments were entered in favor of Schaut and against Government in the sum of $1,430, in favor of Gilsoul and against Government in the sum of $12,500, with $185.98 costs, and in favor of Government and against Schaut in the sum of $4,375. The judgment in favor of Schaut was ordered offset against the judgment in favor of Government. Schaut appealed.

The accident occurred on May 9, 1960, at about 8:00 p. m., at the intersection of Main and Madison streets in Green Bay, Wisconsin. Main street is fifty-two feet wide, runs east and west and is a chief artery of traffic in Green Bay. Madison is forty-seven feet wide and runs north and south.

It was raining at the time of the collision and the pavement was wet. The intersection was well lighted by ornamental lighting and lights from stores.

The Government automobile had been traveling east on Main street in the left-hand lane. It had stopped in this lane at the traffic light at the intersection of Main and Madison streets. There were two cars on Main street facing west, in the left-hand west lane, waiting for the light to change.

Schaut and Gilsoul were city policemen who were not on duty. They were breaking in a new motorcycle which belonged to Schaut's brother. Schaut was driving the motorcycle and Gilsoul was a passenger.

The motorcycle and a police car driven by Officer Lawrence Van Hemelryk had started together from the traffic light one block east of the Main-Madison intersection and were proceeding west to Madison street. The police car was in the left-hand west bound lane and it slowed down for the two cars stopped at the traffic light at the Main-Madison intersection. The motorcycle was in the right-hand lane which contained parked cars. These cars made it impossible for automobiles to travel in this lane at that time. As it approached the intersection, the light changed to green and the motorcycle passed the two stopped cars in the left-hand lane and continued into the intersection.

When the light changed, Schultz made a left-hand turn onto Madison street, turning in front of the two west bound automobiles which had been waiting for the light to change.

The Government automobile and the motorcycle collided about thirteen feet north of the center line of Main street and from five feet east to eight feet west of the center of Madison street.

Schaut and Gilsoul were thrown from the motorcycle to the northwest curb in the Madison street crosswalk. The Government automobile continued north through the intersection and stopped on Madison street with the motorcycle beneath its front end.

■ The primary issue presented on appeal is whether the district court's finding that Schaut was 35% proximately and causally responsible for the collision is clearly erroneous. The substantive law of Wisconsin is applicable to the determination of this issue.

The district court found that "the defendant, United States of America, through the actions of its agent, Arthur W. Schultz, was causally negligent, with respect to said collision, in that he failed to keep a proper lookout and further that he did not make a proper left turn."

The court found that "the plaintiff and third-party defendant, Norel Schaut, was

ployee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would

be liable to the claimant in accordance with the law of the place where the act or omission occurred."

\* \* \* \* \*

causally negligent with respect to said collision, in that he failed to keep a proper lookout and further that his speed was excessive for the conditions then and there existing."

Schaut urges, *inter alia*, that the district court erred in finding him negligent, in any degree.

■ The Supreme Court of Wisconsin said of comparative negligence law that, "The comparison of negligence is determined not by the kind or character or the number of respects of causal negligence but upon the degree of the contribution to the total of such negligence to the occurrence of the accident attributable to the persons involved." Grana v. Summerford, 12 Wis.2d 517, 521; 107 N.W.2d 463, 465 (1961).

■ The court had the following to say about comparative negligence in connection with an unlawful left turn: "Although making a left turn in violation of sec. 346.34(1), Stats., 40 W.S.A. p. 423, is negligence as a matter of law because the section is a safety statute, the breach of the statute is not established from the fact a collision occurred, *nor does a breach of the statute establish as a matter of law the degree of contribution of the negligence to the accident.*" (Emphasis added.) Ibid.

In Lucas v. Interstate Motor Freight System, 7 Cir., 115 F.2d 602 (1940), a case applying Wisconsin law, we said that each party entering an intersection must take care to avoid a collision and a party having the right of way still has a duty to maintain a proper lookout.

Thus, under Wisconsin law, the fact that Schultz was found negligent because he made an illegal left turn does not establish that his negligence was the sole proximate cause of the accident.

The pertinent Wisconsin statute concerning speed is as follows:

"(2) Reasonable and prudent limit. No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing. The speed of a vehicle shall be so controlled as may be necessary to avoid colliding with any object, person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and using due care.

"(3) Conditions requiring reduced speed. The operator of every vehicle shall, consistent with the requirements of sub. (2), drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, * * and when special hazard exists with regard to other traffic or by reason of weather or highway conditions." Section 346.57, Stats., 40 W.S.A.

On the date of the accident, Schaut admitted drinking six six-ounce glasses of beer at four taverns between 4:15 p. m. and the time of the accident.

Officer Van Hemelryk testified that he saw officers Schaut and Gilsoul in a tavern about 8:00 p. m. He reported this to his superior and was told to tell Schaut and Gilsoul to leave the tavern.

He further testified that he was stopped for a signal light at the intersection of Main and Monroe streets (one block east of the site of the accident) when the motorcycle containing Schaut and Gilsoul stopped on his right. He told them "to be careful, that it had been raining." He testified that as he proceeded west toward Madison street and slowed down because of cars in his lane which had stopped for the traffic light, the motorcycle proceeded ahead and into the intersection in the right-hand lane where cars were parked. He said this lane, due to the parked cars, was too narrow for travel by automobiles.

The testimony placed the speed of the motorcycle at between twenty and twenty-five miles per hour at the moment of impact. Schaut testified that his speed was twenty or twenty-two miles per hour. The speed limit was twenty-five miles per hour.

The rain was variously described as "drizzle" to "raining quite hard." The testimony was conflicting as to whether

the turn signal on the Government automobile signaled for the left-hand turn.

Schaut testified that when the motorcycle was proceeding west about a quarter of a block east of the Main-Madison intersection, he looked in Kroll's Restaurant to see who was working there.

■■ In view of these facts and the Wisconsin law set out above, we cannot say that the district court's finding that Schaut was 35% proximately and causally responsible for the collision is clearly erroneous. It is only in unusual fact situations that an appellate court will disturb the apportionment of comparative negligence between the parties. See Mullen v. Reischl, 10 Wis.2d 297, at 305, 103 N.W.2d 49 (1960).

Schaut raises various other issues, e. g., that he is entitled to the emergency doctrine and the district court failed to apply proper rules of law. We have considered all issues raised by Schaut and find no error in the judgment of the district court.

The judgment appealed from is affirmed.

Affirmed.