BRUNO and husband, Respondents, v. BIESECKER and another, Appellants.

*No. 10. Argued September 30, 1968.—Decided October 29, 1968.*
(Also reported in 162 N. W. 2d 135.)

306

For the appellants there was a brief by *Heide, Sheldon, Hartley & Thom* and *S. Michael Wilk*, all of Kenosha, and oral argument by *Mr. Wilk*.

For the respondents there was a brief by *Baker, Juliani, Stanhope, Joling & Greco* and *Robert J. Joling*, all of Kenosha, and oral argument by *Robert J. Joling*.

ROBERT W. HANSEN, J. The jury found the defendant Lee L. Biesecker causally negligent in the operation of his tow truck. The jury also found the plaintiff Mrs. Florence C. Bruno causally negligent in the operation of her automobile. No challenge is made and no issue raised as to either of these findings by either of the parties involved in this appeal. That both drivers were causally negligent to some degree is conceded.

This appeal asks only a single question: As a matter of law was the negligence of the plaintiff equal to or greater than that of the defendant? The trial court

answered this same question in the negative on motions after verdict and granted plaintiff judgment on the verdict of the jury.

Appellant's counsel earnestly contends that this case is ruled by *Guptill v. Roemer*,[1] a left-turn case in which this court stated:

"We might observe that the case at bar is one of three appeals decided by us on this assignment involving motor-vehicle-accident cases in which a driver attempted, as did plaintiff Guptill, to make a left turn in the path of an oncoming vehicle under circumstances where a collision was certain to ensue if the latter vehicle continued in its same lane of travel and at its same speed. It is difficult for us to understand how a conscientious jury under such circumstances could attribute the smaller percentage of negligence to the driver making the left turn whose act precipitated the situation resulting in the collision." [2]

As a comment by the court on the exact fact situation or even three fact situations then before it, the statement is not to be faulted. However, it is not to be read as laying down the inflexible rule that under any and all circumstances, the driver making the left turn is responsible for the majority of the blame for the ensuing collision. Each tub stands on its own bottom. The facts in each case must be carefully reviewed and evaluated before the reasonableness of a jury finding as to comparative negligence of the colliding drivers can be determined. It should be noted that in the *Guptill* case the court for reasons including "grossly inadequate" damages limited itself to ordering a new trial in the interest of justice. It is at least suggested that ". . . it cannot be held as a matter of law that one of the tort-feasors was guilty of at least 50 percent of the aggregate negligence." [3]

---

[1] (1955), 269 Wis. 12, 68 N. W. 2d 579, 69 N. W. 2d 571.

[2] *Id.* at page 19.

[3] *Guptill v. Roemer, supra,* at page 19, citing *Johnson v. Viebrock* (1953), 263 Wis. 284, 289, 57 N. W. 2d 337.

Respondent's counsel argues that the applicable holding of this court is to be found in *Grana v. Summerford* [4] where this court stated:

"Although making a left turn in violation of sec. 346.34 (1), Stats., 40 W. S. A., p. 423, [prohibiting a left turn into a private driveway unless and until such turn can be made with reasonable safety] is negligence as a matter of law because the section is a safety statute, the breach of the statute is not established from the fact a collision occurred, nor does a breach of the statute establish as a matter of law the degree of contribution of the negligence to the accident. Sec. 346.34 (1) does not impose absolute liability but establishes a standard of care that a left turn into a private driveway cannot be made unless and until such turn can be made with reasonable safety. What is reasonable safety depends upon the facts in the particular case." [5]

In the *Grana Case,* the trial court denied a motion for a directed verdict contending the left-turning driver's negligence was equal to or greater than that of the second driver involved as a matter of law. This court upheld the trial judge's refusal to direct a verdict, stating: "A question of fact for the jury on the apportionment of the negligence was presented." [6]

While there are differences in the testimony and fact situations involved which we need not detail here, the *Grana Case* is like the case before us in that there was contradictory testimony allowing several inferences to be drawn therefrom. Speed of the nonturning driver was the key point in *Grana.* In refusing to find the speed of the approaching vehicle immaterial, this court also rejected the theory that because the turning driver could have seen the approaching vehicle if he had looked before making the turn he is almost solely responsible for causing the collision. This court then clearly stated that

[4] (1961), 12 Wis. 2d 517, 107 N. W. 2d 463.

[5] *Id.* at page 521.

[6] *Grana, supra,* footnote 4, at page 519.

"Assuming negligence on the part of Grana [the turning driver], it does not follow as a matter of law that his negligence was equal to or greater than the defendant's negligence of excess speed." [7]

In the instant case, there are contradictions in the testimony presented but these are for the jury to resolve. The jury was entitled to accept although certainly not required to, testimony of the plaintiff that when the driver in the southerly westbound lane stopped and motioned to her to make the turn in front of him she looked to both sides but "didn't see any cars that would be coming—that would hit me," along with the testimony of the thirteen-year-old boy that when he saw the defendant honking the horn, defendant's truck was in the southerly westbound lane with cars in front of him and behind him. Defendant denies changing lanes, but this is for the jury to determine. Believing the boy and not the defendant, the jury was entitled to conclude that the defendant, after the horn honking, switched into the northerly lane and drove faster than cars were moving in the lane he had left to the point of impact. They were not required to believe defendant's testimony at the trial that he observed the automobile just an instant before he hit it and could elect to believe his testimony at the adverse examination that he never did see the Bruno auto until the time of impact. The jury had before it testimony that the plaintiff's automobile had reached the incline leading to the supermarket parking lot before it was struck by defendant's tow truck. All of such testimony goes to the apportionment of negligence as between plaintiff and defendant, it being conceded that both were in some degree negligent.

The general rule is that a jury's findings as to apportionment of negligence will be sustained if there is credible evidence which under any reasonable view supports such findings.[8] In determining whether the evidence sup-

[7] *Id.* at page 520.

[8] *Maus v. Cook* (1961), 15 Wis. 2d 203, 112 N. W. 2d 589.

ports the jury's verdict, it is the testimony that supports the verdict which is to be taken into consideration.[9] We reject the contention that a left-turning driver's negligence in turning into a private driveway in the path of an approaching car from the opposite direction is as a matter of law at least 50 percent of the total negligence,[10] and repeat that the apportionment of negligence is peculiarly within the province of the jury to determine.[11] We hold that the jury's verdict in this case should not be set aside by us.

*By the Court.*—Judgment affirmed.

---

[9] *Sturm v. Simpson's Garment Co.* (1956), 271 Wis. 587, 590, 74 N. W. 2d 137; *Olson v. Milwaukee Automobile Ins. Co.* (1954), 266 Wis. 106, 109, 62 N. W. 2d 549, 63 N. W. 2d 740.

[10] *See Zartner v. Scopp* (1965), 28 Wis. 2d 205, 211, 137 N. W. 2d 107.

[11] *See, e.g., Cirillo v. Milwaukee* (1967), 34 Wis. 2d 705, 150 N. W. 2d 460; *Raszeja v. Brozek Heating & Sheet Metal Corp.* (1964), 25 Wis. 2d 337, 130 N. W. 2d 855; *Jankovich v. Arens* (1952), 262 Wis. 210, 54 N. W. 2d 909.