NEIDER, Appellant, v. SPOEHR and another, Respondents.

*No. 96.  Argued February 3, 1969.—Decided March 4, 1969.*
(Also reported in 165 N. W. 2d 171.)

614

For the appellant there was a brief and oral argument by *Frank M. Coyne* of Madison.

For the respondents there was a brief and oral argument by *William L. McCusker* of Madison.

BEILFUSS, J.   Plaintiff's counsel states, "The basic issues are whether a negligence comparison of 75-25 against plaintiff is sustained by the evidence and law applicable and whether a new trial should not be had by reason of specific errors claimed by plaintiff, each of which would would have a bearing upon jury comparison of negligence."

From this statement and the contentions of the plaintiff, the issues may be stated as follows:

(1)  Was the trial court's refusal to permit plaintiff's counsel cross-examination of Zimbric, a defendant in a consolidated action, and his passenger prejudicial error?

(2) Was exclusion of testimony of a witness in respect to measurements and road marks observed three days after the accident prejudicial error?

(3) Was the comparison of negligence contrary to law and evidence?

(4) Was the testimony of an expert accident-reconstruction witness inadmissible because based in part upon an unofficial transcript of another's witness' testimony and photographs of an exhibit?

(5) Did the court err in not ordering a mistrial on its own motion upon granting a directed verdict dismissing one of the defendants in an action consolidated for trial?

(6) Did the court err in not granting a new trial in the interest of justice?

Plaintiff's counsel forcefully argues that denial of right to cross-examine was prejudicial error.

Michael Zimbric, the sixteen-year-old driver of the Zimbric car, his father and their insurer were named defendants by an amended complaint in Spoehr's action against Neider and his insurance carrier. His mother, Mrs. Dorothy Zimbric, was his passenger. Zimbric was not made a defendant in this action wherein Neider sued Spoehr, nor in the action of Mrs. Neider and James Neider against Clarence Spoehr and William Neider and their respective insurance carriers. At a pretrial conference the trial court indicated it would allow Neider to amend his pleadings to make Zimbric a defendant if Neider desired to do so. He declined.

At the trial Mr. Johnson, attorney for Spoehr in his action for personal injuries against Neider and Zimbric, called Zimbric adversely. Zimbric testified as set forth in the statement of facts. Testimony was also offered by a reporter to the effect that in a statement taken Zimbric had said Spoehr might have been creeping toward the center line with his wheels turned left, but that he did not know whether Spoehr had slightly crossed the center line. Mrs. Zimbric was called as his own wit-

ness by Johnson on behalf of Spoehr. She testified she saw the Spoehr vehicle but did not know whether it was over the center line.

The trial court sustained an objection to the cross-examination by Mr. Coyne, counsel for Neider in his action against Spoehr, upon the grounds, principally, that the actions were consolidated only for the purpose of trial and that the actions retained their separate identity. The trial judge reasoned that Neider was making no claim against Zimbric but that Spoehr was. Spoehr was also making claim against Neider and his insurer, but in that action Neider and his insurer were represented by Mr. Wightman who was given full opportunity to cross-examine both Michael Zimbric and Mrs. Zimbric. The trial court concluded that Neider was not adverse to Zimbric and that in Spoehr's action against Neider, Neider was afforded a full right to cross-examine through his counsel Wightman.

Wightman declined to cross-examine either Michael or Mrs. Zimbric.

Mr. McCusker, representing Spoehr and his insurance carrier in William Neider's action and in Mrs. Neider's and their son's action, was also denied the right to cross-examine Michael and Mrs. Zimbric for the same reasons. Both Mr. Coyne and Mr. McCusker were advised by the court that Michael and Mrs. Zimbric could be called as their own witnesses. Neither of them did.

It is fundamental that a party has a right to cross-examine another party who is adverse to him. We believe the trial court was correct when it ruled Zimbric was not an adverse party to Neider in Neider's claim for damages. Neider made no claim against Zimbric and Zimbric made no claim against Neider.

It is equally fundamental that a party has the right to cross-examine witnesses who testify against him.[1] However, this right is not without limitations, and the

[1] *Illinois Steel Co. v. Jeka* (1905), 123 Wis. 419, 429, 101 N. W. 399.

extent of the manner and even the right of multiple cross-examination by different counsel representing the same party can be controlled by the trial court so that the trial proceeds in an orderly and fair manner. The exercise of discretion by the trial court to deny or restrict cross-examination must be dependent upon the circumstances of the trial. This court will not reverse unless it clearly appears that the trial court abused its discretion and that the error affected a substantial right of the complaining party and probably affected the result of the trial.

The Zimbrics, Michael and his mother, were both called by Spoehr in his claim against Neider and Zimbric and their insurance carriers. Neider was represented by competent counsel in defense of this claim and his counsel, Mr. Wightman, was given the right to cross-examine.[2]

The Zimbrics gave no direct testimony of negligent driving on the part of Neider. Michael's testimony was that he saw Neider 300 feet from the intersection on his proper side of the highway but that he did not know his speed. Mrs. Zimbric did not see the Neider vehicle before the collision. Michael testified in effect that Spoehr might have been slightly over the center line. It is difficult to conclude that this testimony was in any way detrimental to Neider. It is apparent that it was beneficial because the jury did find that Spoehr was causally negligent. Nor does it appear that either of the Zimbrics were in any way hostile to Neider nor the merits of his claim. If Neider, in asserting his claim, wished to pursue Zimbric's testimony as to Spoehr's position on the highway he could have done so by calling

---

[2] Mr. Coyne, Neider's counsel in this action, claims that demands against him in the other two actions were in excess of his policy limits and that upon that basis he had a right to cross-examine. The record we have before us does not reveal an appearance by Mr. Coyne in either of those actions to protect Neider against overage.

the Zimbrics as his own witnesses. The trial court specifically accorded him a right to do so.

From the recitation of the parties and their counsel in the actions consolidated for trial, and the record, it appears that seven attorneys participated in the trial before the jury. To allow unrestricted cross-examination to all counsel whose interests could conceivably be affected could lead to confusion if not chaos in trial. Although it would not have been error to permit Mr. Coyne to cross-examine the Zimbrics, under the circumstances related above we find no abuse of discretion.[3]

In *Martin v. Marshall* (1966), 25 App. Div. 2d 594, 266 N. Y. Supp. 2d 992, personal injury and wrongful death actions were consolidated for trial. The appellate court, faced with quite a similar problem, stated:

"In declining to permit an attorney retained by a second liability insurance carrier, which afforded excess coverage to Miss Martin, to cross-examine a particular witness and to sum up on behalf of the administrator as plaintiff, the trial court acted well within the area of discretion necessarily committed to it. Two attorneys were already participating in the trial on behalf of the administrator, as plaintiff and as defendant, when the participation of the third was sought; . . . and to permit the participation of two attorneys representing substantially the same defensive interest, in addition to the attorney representing the plaintiff's interest, could very well add complication and confusion with no particular benefit to any party, so far as the record discloses. The trial court had authority to 'regulate the conduct of the trial in order to achieve a speedy and unprejudiced disposition of the matters at issue.' "

We conclude it was not error to refuse to permit cross-examination of the Zimbrics in Mr. Neider's action for his personal injuries.

Plaintiff-appellant, Neider, contends it was error to exclude the testimony of Richard E. Rosenburg, an insurance adjuster for Neider's insurer concerning marks on the highway observed three days after the accident.

---

[3] *Freuen v. Brenner* (1962), 16 Wis. 2d 445, 114 N. W. 2d 782,

An offer of proof reveals that Rosenburg would have testified to two gouge marks in Neider's lane of travel in the intersection. One was seven feet from the center line with a three foot arc, and the other three feet from the center line with a three foot arc. An objection was sustained on the ground of remoteness.

Robert Meitner, chief of police of Waterloo, had testified that he arrived at the scene of the accident a few minutes after it occurred; that he examined the surface of the highway and associated only the crescent-shaped gouge mark just over the center line in Neider's lane with the accident; that he observed other highway marks and gouges but they were weathered and worn; and that he knew snowplows frequently used the intersection to turn around.

The appellant's contention is answered in *Rausch v. Buisse* (1966), 33 Wis. 2d 154, 166, 146 N. W. 2d 801, wherein it is stated:

"Rejection of evidence because of remoteness rests in the trial court's discretion. Remoteness in point of time does not necessarily render evidence irrelevant but it may do so where the lapsed time is so great as to negative all rational or logical connection between the fact sought to be proved and the remote evidence offered in proof thereof. Thus, the six-hour time lapse between the accident and the witnesses' observation supports the trial court's ruling. The fact that more competent evidence not so remote as to time or place was offered also supports the trial court's decision. Moreover,

" 'The general rule is that testimony as to tire marks on the highway is admissible in civil actions for injury or damage, where a sufficient foundation therefor is laid by the showing, for example, that the condition of the road was the same as it was at the time of the accident, and had not been changed by the weather or traffic, and there is sufficient identification that the marks were made by the automobile involved in the accident.' "

The appellant next contends that jury comparison of negligence is contrary to fact and law.

The rule rigidly adhered to by this court is that if there is credible evidence, which under any reasonable view, supports the jury's finding as to comparative negligence the finding will not be set aside.[4]

It is apparent the jury found Spoehr was negligent in making his left turn in that he failed to yield the right-of-way to Neider by slightly invading Neider's lane of traffic. From this finding the appellant argues that the negligence of Spoehr was greater than the negligence of Neider as a matter of law.[5]

This court in *Bruno v. Biesecker, supra,* stated at page 313:

"We reject the contention that a left-turning driver's negligence in turning into a private driveway in the path of an approaching car from the opposite direction is as a matter of law at least 50 percent of the total negligence, and repeat that the apportionment of negligence is peculiarly within the province of the jury to determine."

We believe the trial court correctly analyzed the comparative negligence issue in ruling on after-verdict wherein the trial judge stated:

"A review of the evidence in this case satisfies this court that the jury finding that driver Spoehr invaded the southbound lane is supported by credible evidence. The statement of Michael Zimbric that the Spoehr automobile was creeping forward with its front wheels crimped to the left, coupled with the physical fact of a circle indentation on the south lane immediately east of the center line, is sufficient to support an inference that the Spoehr car had invaded the south lane of travel at the time of the collision. It is further evident from the physical fact and the testimony of witnesses in this case that the invasion by Spoehr into the south lane was not substantial. It is clear from the comparative negligence finding of the jury that the jury did not believe

---

[4] *Bruno v. Biesecker* (1968), 40 Wis. 2d 305, 162 N. W. 2d 135.

[5] *Guptill v. Roemer* (1955), 269 Wis. 12, 68 N. W. 2d 579, 69 N. W. 2d 571; *Schwarz v. Winter* (1956), 272 Wis. 303, 75 N. W. 2d 447.

that the negligence of Spoehr was the dominate cause of the collision.

"While under a finding of invasion of the traffic lane of William Neider the driver William Neider had the right of way, nevertheless, he had a duty to exercise due care not only as to the maintenance of a careful lookout but to operate his automobile at a rate of speed under the existing circumstances which would permit him to avoid a collision. The evidence clearly supports a finding of not only a failure on the part of Neider to maintain a proper lookout but a failure to reduce his speed as he approached Knowlton Street. He was aware that the Zimbric car was approaching from the east and that the Spoehr car was in the immediate vicinity of Knowlton Street, but he did nothing to reduce his speed so as to have his car under control should and in the event either driver invade his lane of travel. The findings of causal negligence on the part of both drivers and the determination of the fault of each driver by the jury are supported by credible evidence. Such findings must be sustained."

We find no merit in appellant's contention that the trial court erred in allowing an expert witness to testify where his opinion in part was based upon portions of the testimony of another witness read to him from an unofficial court reporter's notes the evening before he testified and photographs of exhibits used in the trial. The accuracy of the foundation evidence relied upon by the expert could have been adequately challenged by cross-examination. It was clearly within the discretion of the trial court to admit the testimony of the expert.

Counsel for appellant also argues that the trial court should have declared a mistrial when it granted Zimbric's motion for directed verdict. If counsel was of the belief that a mistrial should have been granted it was incumbent upon him to make the motion and in the absence of the motion for mistrial he cannot successfully claim error.[6]

---

[6] *Kink v. Combs* (1965), 28 Wis. 2d 65, 135 N. W. 2d 789.

The appellant's final contention is that a new trial should be ordered in the interest of justice.

We are of the opinion that the case was fully and fairly tried; that there is ample credible evidence to sustain the jury findings complained of and that it is not probable that justice has miscarried. A new trial should not be ordered in the interest of justice.

*By the Court.*—Judgment affirmed.