RAMIREZ, Plaintiff in error, v. STATE, Defendant in error.

*No. State 73. Argued September 14, 1970.—Decided October 6, 1970.*
(Also reported in 179 N. W. 2d 918.)

---

[5] *Brook v. State* (1963), 21 Wis. 2d 32, 44, 123 N. W. 2d 535.

240

For the plaintiff in error there was a brief by *Shellow & Shellow* and *Robert H. Friebert,* attorneys, and *James M. Shellow* of counsel, all of Milwaukee, and oral argument by *Mr. Friebert.*

For the defendant in error the cause was argued by *Theodore J. Hodan,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

WILKIE, J.   The sole issue on this review is whether the trial court prejudicially restricted defense counsel's cross-examination of the chemist regarding the "chain of custody" of the heroin sold by Ramirez to Agent Jordan.

The state never introduced into evidence the lock-seal envelope in which Agent Jordan placed the packets and powder he received from Ramirez, and which Jordan gave to Wener for examination.   On cross-examination of Wener, defense counsel asked him to read the names of "witnesses" appearing on the Jordan envelope.   Wener stated:

"*A.* Well, since I wasn't a party to answering this, to filling this out, I don't know whether it is proper for me to answer this question."

The court noted the envelope had not been introduced into evidence and told counsel if he persisted in this line of questioning the court might imply defendant was offering it himself.   Defense counsel then attempted a different tack which met with objections by the state that the envelope had not been offered into evidence.   The court sustained the objections.   Plaintiff in error now contends that this prejudicially restricted his right to cross-examine with respect to chain of custody.

Of course, the scope of cross-examination at trial "lies to a great extent in the discretion of the trial court." [1]

---

[1] *Simpson v. State* (1966), 32 Wis. 2d 195, 205, 145 N. W. 2d 206, and cases cited therein.

Unless there is a clear abuse of discretion this court will not reverse the trial court's ruling limiting cross-examination.[2]

There was no abuse of discretion here for the following reasons:

1. The chemist testified he had not made the entries on Jordan's lock-seal envelope, and, therefore, he was not qualified to testify to the contents of the writing thereon. The judge ruled that since the envelope had not been introduced into evidence, further questioning as to it would be an implication that defense counsel was offering it. After the court made its ruling, no further attempts were made to challenge the chemist's custody of the substance given him by Jordan; e. g., who else had access to the cabinet in which it was stored, the condition of the envelope at the time of analysis, etc. The chemist had already testified to this on direct. Further, no attempts were even made to inquire as to possible misidentification of the substance as that which was received by Jordan from Ramirez; e. g., number of analyses made that day, possible misplacing of the substance, etc.

2. The proper person to question as to the names on the envelope was Agent Jordan, the only other person having possession of the envelope, since it was clearly established by Jordan's testimony on redirect examination that he had made the entries on the envelope about which defense counsel attempted to inquire. On recross, however, defense counsel made no effort to question Jordan as to the entries on the front of the envelope.

3. The defense put forth at trial was plainly that of a claim of misidentification of the defendant. The state contends that defense counsel was not prejudicially restricted in his cross-examination as to chain of custody since this was not the purpose of defense's questions of the chemist. We think this was clearly the case. This is

---

[2] *Neider v. Spoehr* (1969), 41 Wis. 2d 610, 618, 165 N. W. 2d 171.

demonstrated by defense counsel's opening argument; his failure to seriously challenge the chain of custody on initial cross-examination of Jordan; his complete failure to do so on recross; his failure again to seriously challenge the testimony of the chemist as to his custody, analysis or opinion that the powder was heroin; and defense counsel's final argument where he emphasized (1) the state's failure to produce the informer; (2) alleged discrepancies in Agent Jordan's account of the purchase; (3) the state's failure to take fingerprints from the packets received by Jordan; and (4) the long lapse of time between the sale and the trial.

Even assuming the trial judge's particular ruling was error, a review of the entire record indicates that the ruling was not prejudicial to defendant.

First, Agent Jordan made a positive in-court identification of Ramirez as the man who sold the white powder to him. Further, as noted earlier, he stated that the substance was not out of his possession until he arrived in Chicago; that in Chicago he and another agent weighed and identified the substance, that it was not out of his sight during this time; that it was then placed in a lock-seal envelope and lock-sealed and signed by him; that it was then placed in his locker, to which he had the only key; and that he delivered it personally to the chemist.

Second, the chemist testified that he received the lock-sealed envelope from Jordan personally, with the seal intact; that he then receipted and entered its reception in a ledger for that purpose; that he placed it in a storage cabinet; that when removed therefrom its seal was still intact and that he broke the seal himself; that he analyzed the substance and then placed it in a lock-seal envelope, marked it for identification and attached Jordan's empty envelope to it; that it remained in his custody until he brought it to court. No questions were raised as to his custody of the envelope, possibility of misidenti-

fication, etc., on cross-examination, as noted earlier; nor was any serious attempt made to challenge Jordan's account of his custody.

In summary, on this review new counsel singles out one ruling of the trial court limiting cross-examination of one of the state's witnesses in a record which, as a whole, clearly shows that despite the fact trial counsel was then trying to convince the jury of defendant's innocence because of a claim of misidentification he was given ample opportunity to cross-examine the state's witnesses with respect to chain of custody. We find no abuse of its discretion by the trial court.

*By the Court.*—Judgment and order affirmed.